[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 3, 2002
THOMAS K. KAHN
CLERK

_____

No. 01-13212

_____

D. C. Docket No. 00-00434-CR-T-26

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARLOS ACOSTA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(April 3, 2002)**

Before TJOFLAT, COX and RONEY, Circuit Judges.

RONEY, Circuit Judge:

This appeal concerns whether a prior adjudication, but not a conviction, for a

felony under New York's youthful offender statute can be used for sentencing

enhancement. Carlos Acosta pled guilty in federal court to conspiracy to possess

with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 846. At sentencing, the district court determined that Acosta's prior youthful offender adjudication from New York qualified as a prior conviction for purposes of sentencing enhancement, and denied Acosta "safety valve" relief. Acosta appeals. We affirm.

1. New York State Youthful Offender Adjudication.

In 1987, at the age of sixteen, Acosta sold cocaine to an undercover police officer in New York. Acosta was prosecuted in New York state court for sale of a narcotic drug, a third degree felony under New York law. He pled guilty and was adjudicated under New York's youthful offender statute, N.Y. Crim. Proc. §§ 720.10-720.35, which explicitly provides that a youthful offender adjudication is not a conviction. Pursuant to the youthful offender statute, all files relating to the case were sealed.

In November of 2000, Acosta joined the conspiracy to distribute cocaine in the instant case. He was arrested while arranging for the transport of several hundred kilograms of cocaine from Columbia to Tampa, Florida. Contemporaneously with an indictment for conspiracy to possess with intent to distribute five kilograms or more of cocaine, the United States filed an information, pursuant to 21 U.S.C. § 851, seeking a statutory sentencing enhancement against

2

Acosta based on his prior felony adjudication in New York. Acosta pled guilty to the conspiracy charge, but objected to the court's applying the enhanced sentence pursuant to 21 U.S.C. § 841 (b)(1)(A).

Acosta makes two arguments: (A) that the state adjudication does not count as a prior conviction under Federal Sentencing Law and (B) that in any event, it was not properly proven.

(A) Does the felony drug offense adjudication under New York's youthful offender statute count as a prior conviction for sentencing enhancement purposes under 21 U.S.C. § 841(b)(1)(A)?

This appears to be a question of first impression as far as a youthful offender is concerned. Section 841 (b)(1)(A) provides, *inter alia*, that "[i]f any person commits [certain drug related crimes] after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 20 years . . . ." Accordingly, this issue turns on whether a felony adjudication under New York's youthful offender statute qualifies as a "conviction" within the meaning of 21 U.S.C. § 841(b)(1)(A). The word "conviction," as it is used in section 841, will be defined according to federal law. In *United States v. Mejias*, 47 F.3d 401 (11th Cir. 1995), this Court held that the meaning of the word "conviction" in section 841 is governed by federal, rather

3

than state law.  We reasoned that to "decide otherwise would disrupt uniformity in federal sentencing . . . ." *Mejias*, 47 F.3d at 404.  Because our decision in this case is governed by federal law, we are not bound by the fact that New York law does not consider a youthful offender  adjudication to be a conviction, and instead must look to federal case and statutory law.

Section 841 does not provide a specific definition of the word "conviction" which would permit us easily to determine whether the New York adjudication meets the intent of the statute.  No reported decision has been found addressing whether any state's youthful offender adjudication qualifies as a prior conviction under section 841.

Nevertheless, this decision is controlled by analogous cases in which this Court has held that a plea of *nolo contendere* in Florida state court with adjudication withheld is a conviction that supports a section 841 sentence enhancement.  In *United States v. Fernandez*, 58 F.3d 593 (11th Cir. 1995), defendant Fernandez was convicted of a federal drug offense and was given an enhanced sentence based on a prior state drug offense, pursuant to section 841(b)(1)(B).  Section 841(b)(1)(B) addresses marijuana convictions.  It is analytically indistinguishable from section 841(b)(1)(A), addressing cocaine convictions, which is applicable to this case.  Fernandez had previously pled *nolo*

*contendere* to the state drug offense and adjudication had been withheld. Thus, he was never "convicted" of the state offense. Nonetheless, this Court held that the prior state offense constituted a "conviction" for purposes of section 841, even though the state court never adjudicated him guilty. This Court reached the same result in *Mejias*, holding that a prior plea of *nolo contendere* with adjudication withheld in state court is a conviction within the meaning of section 841.

*Fernandez* and *Mejias* are controlling. If a defendant who is not even adjudicated guilty is considered to have suffered a conviction within the meaning of section 841, then a youthful offender who pleads guilty and is adjudicated must also be considered to have suffered a prior conviction, even if the state law does not consider him "convicted" and his record is sealed.

This result comports with the rationale behind youthful offender and juvenile deferral statutes. Such programs are intended to provide young, first offenders a chance to learn from a mistake and stay on the "straight and narrow" thereafter. They are meant to provide a second chance, not a "technical legal advantage if, not having learned a lesson, they continue their criminal conduct." *United States v. Campbell*, 980 F.2d 245, 251 (4th Cir. 1992) (quoting *United States v. Petros*, 747 F.Supp. 368 (E.D. Mich. 1990)). Furthermore, the purpose of section 841(b)(1)(B), "to punish and deter recidivism," would be frustrated if

5

recidivist offenders were excused from enhanced sentencing merely because their prior offenses are not deemed "convictions" under state law. *See Mejias*, 47 F.3d at 404.

These considerations have been applied by at least one other circuit in holding that a juvenile offense may be considered in calculating a defendant's criminal history under section 4A1.2(d) of the sentencing guidelines. In *United States v. Johnson*, 28 F.3d 151 (D.C. Cir. 1994), the court reasoned that if an immature offender persists in committing repeat offenses, the case for conferring the benefits of the juvenile offender statute is outweighed by society's stronger interest in punishing an unrepentant criminal.

(B) Was the State adjudication properly proven?

Acosta argues that because the record of his prior adjudication is sealed, the government did not meet its burden to prove beyond a reasonable doubt that he was convicted of a prior felony drug offense. There is ample evidence in the record to support the district court's conclusion that the Government met its burden to prove Acosta's prior conviction beyond a reasonable doubt. Although the Government could not produce a certified copy of the adjudication because Acosta's records were sealed, the uncertified copy the government did introduce was identical. Additionally, Acosta's counsel admitted at sentencing that Acosta

6

was the defendant identified on the adjudication. In view of these facts, we hold that the district court did not err in holding that the Government proved Acosta's prior New York state adjudication beyond a reasonable doubt.

2. Did the district court err in denying "safety valve" relief?

Acosta argued that, under what is known as the "safety valve" provision of the sentencing guidelines, the district court should sentence him below the statutory minimum because he fully cooperated with his arresting officers. The "safety valve" provision allows district courts to sentence less-culpable defendants without regard to the mandatory sentences, if certain criteria are met. U.S. SENTENCING GUIDELINES MANUAL § 5C1.1. The district court, after holding an evidentiary hearing, concluded that Acosta was not truthful during his debrief with law enforcement. The district court thus refused to apply the "safety valve" provision. The district court did not err in finding that Acosta was not entitled to "safety valve" relief. The district court was faced with conflicting evidence about whether Acosta cooperated fully with arresting officers. There was no error in the district court's evaluation of Acosta's demeanor and testimony, nor in its conclusion that Acosta did not satisfy his burden of persuasion to convince the court that he had provided truthful and complete information.

AFFIRMED.