

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-20-2006

# USA v. Huggins

Precedential or Non-Precedential: Precedential

Docket No. 05-4054

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Huggins" (2006). *2006 Decisions.* Paper 258.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/258

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 05-4054

———————

UNITED STATES OF AMERICA

v.

ULYESSIE HUGGINS
a/k/a
ULYESSIE KITTRELL
a/k/a
JAY

Ulyessie Huggins,
                              Appellant

———————

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
D.C. Crim. No. 04-cr-00233
District Judge:  The Honorable William J. Nealon

———————

Submitted Under Third Circuit LAR 34.1(a)
September 12, 2006

———————

Before: SCIRICA, Chief Judge, SLOVITER and BARRY,
<u>Circuit Judges</u>

———————

(Opinion filed: October 20, 2006)

———————

Todd K. Hinkley, Esq.
Office of the United States Attorney
235 North Washington Avenue
P.O. Box 309, Suite 311
Scranton, PA 18501

Counsel for Appellee


Jeffrey G. Velander, Esq.
738 Main Street
Stroudsburg, PA 18360

Counsel for Appellant

---

OPINION OF THE COURT

---

BARRY, Circuit Judge

Appellant, Ulyessie Huggins, appeals from an order of the District Court sentencing him to a mandatory minimum term of 120 months imprisonment pursuant to 21 U.S.C. § 841(b)(1)(B). Because we agree with Huggins that the District Court improperly enhanced his sentence under § 841(b)(1)(B) by considering a juvenile adjudication of delinquency under Pennsylvania law to be a "prior conviction," we will vacate the judgment of sentence and remand this matter to the District Court for re-sentencing.

## I.

Huggins was arrested on June 29, 2004 after selling two grams of crack cocaine to a police informant. At the time of his arrest, he was in possession of an additional twenty-five grams. On July 22, 2004, a federal grand jury returned an eight-count indictment charging Huggins and his co-conspirators with various drug-related offenses. A superseding indictment was returned on September 23, 2004, and Huggins was charged,

2

among other things, with possession with intent to distribute five grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). Pursuant to 21 U.S.C. § 851(a), on November 10, 2004, the Government filed an information notifying Huggins of its intention to seek an enhanced penalty under § 841(b)(1)(B), which calls for a mandatory minimum sentence of ten years for anyone who has committed a violation of that provision "after a prior conviction for a felony drug offense has become final." The information relied solely on Huggins' 1999 adjudication of delinquency in Monroe County Juvenile Court.[1]

On November 15, 2004, Huggins pleaded guilty to possession with intent to distribute five grams or more of cocaine base, and a sentencing hearing was held on May 24, 2005. The District Court determined that the appropriate Guidelines range was 100 to 125 months, and that Huggins' adjudication of delinquency was a prior conviction under § 841(b)(1)(B). It, therefore, sentenced him to the mandatory minimum term of imprisonment of 120 months. This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). As all that is before us is a question of law, our review is plenary. See United States v. Jones, 332 F.3d 688, 690–91 (3d Cir. 2003).

---

[1] In addition to the juvenile adjudication, Huggins was convicted on May 11, 2004 of possession of crack cocaine with intent to deliver. Sentence, however, was not imposed until July 6, 2004, several days after he was arrested in connection with the drug offense at issue here. As such, the Government could not rely on this conviction for purposes of the enhancement under § 841(b)(1)(B). See, e.g., United States v. Meraz, 998 F.2d 182, 183–84 (3d Cir. 1993).

## II.

Under 21 U.S.C. § 841(b)(1)(B), "If any person commits [a violation of this section] after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 10 years." The sole issue before us is whether Huggins' 1999 adjudication as delinquent under Pennsylvania law is a "prior conviction" under § 841(b)(1)(B), triggering the mandatory minimum sentence. We hold that it is not.

Although the question of what constitutes a "prior conviction" under § 841(b)(1)(B) is a matter of federal law, see United States v. Meraz, 998 F.2d 182, 183–84 (3d Cir. 1993), an analysis of the Commonwealth's procedures in adjudicating a juvenile to be delinquent is integral to this determination, see, e.g., id. at 184. According to the Pennsylvania Juvenile Act, a delinquent child is "[a] child ten years of age or older whom the court has found to have committed a delinquent act and is in need of treatment, supervision or rehabilitation." 42 Pa. Cons. Stat. § 6302. Determination is made by a judge following "an informal but orderly" hearing "without a jury," id. § 6336(a), at which the child "is entitled to representation by legal counsel," id. § 6337, to be heard and to introduce evidence, id. § 6338(a), and to avoid self-incrimination, id. § 6338(b). A finding of delinquency must be proven beyond a reasonable doubt. Id. § 6341(b). If the judge finds that the child is delinquent, he or she may, but need not, commit the child to an institution for a period of up to four years or a period equal to that to which "he could have been sentenced by the court if he had been convicted of the same offense as an adult, whichever is less." Id. § 6353(a). "Under no circumstances shall a child be detained in any facility with adults." Id. § 6327(a). Pennsylvania does not consider an adjudication as a delinquent to be a conviction, id. § 6354(a), and such adjudications cannot be considered prior convictions under Pennsylvania's recidivist statute. See Commonwealth v. Thomas, 743 A.2d 460, 468 (Pa. Super. Ct. 1999).

Given the procedures and penalties under the Pennsylvania Juvenile Act, it is clear that an adjudication of delinquency is not the same as an adult conviction. For

4

example, under the Act a child is not given the right to a trial by jury, and he or she does not face the same punishment associated with conviction in an adult court. Such distinctions are constitutionally permissible. See McKeiver v. Pennsylvania, 403 U.S. 528, 540–51 (1971).

Despite these differences, Congress has on occasion considered juvenile adjudications to be equivalent to adult convictions. The Armed Career Criminal Act ("ACCA"), for example, explicitly provides that "the term 'conviction' includes a finding that a person has committed an act of juvenile delinquency involving a violent felony." 18 U.S.C. § 924(e)(2)(C). Unlike the ACCA, § 841(b)(1)(B) contains no such definition, and we see no reason to write one into that provision where Congress has not seen fit to do so.[2]

We are aware of no authority counseling a contrary result. United States v. Jones, 332 F.3d 688 (3d Cir. 2003), which was relied on by the District Court, dealt with the question of whether an adjudication of delinquency under Pennsylvania law could be used to enhance a sentence under the ACCA and could be considered a prior conviction for purposes of Apprendi v. New Jersey, 530 U.S. 466 (2000). We answered "yes" to both questions. Jones, 332 F.3d at 696. As discussed above, however, the ACCA explicitly contemplates the use of juvenile adjudications in enhancing a sentence, and the question of what "can properly be characterized as a prior conviction for Apprendi purposes," id. at 696 (emphasis added), has no bearing on what Congress meant by "conviction" in § 841(b)(1)(B).

Decisions of our sister circuits are similarly

---

[2] In addition, the timing of amendments to both the ACCA and § 841 underscore the difference between them. By way of the Anti-Drug Abuse Act of 1988, Congress acted to include juvenile adjudications as "convictions" under the ACCA. See Pub. L. No. 100-690, § 6451, 102 Stat. 4181, 4371 (1988). Although the Act made several changes to § 841, it did not alter the "prior conviction" language so as to include adjudications of delinquency. See id.

distinguishable. In <u>United States v. Acosta</u>, 287 F.3d 1034 (11th Cir. 2002), and <u>United States v. Sampson</u>, 385 F.3d 183 (2d Cir. 2004), the courts were faced with the question of whether a youthful offender adjudication under New York law was a prior conviction for purposes of § 841. Both courts answered in the affirmative. Unlike an adjudication of delinquency under the Pennsylvania Juvenile Act, however, a youthful offender adjudication under New York law follows an adult conviction in an adult court, with the full panoply of procedural protections that come with the latter. <u>See</u> <u>United States v. Driskell</u>, 277 F.3d 150, 154–57 (2d Cir. 2002). Given these marked differences, neither <u>Acosta</u> nor <u>Sampson</u> is persuasive as to the issue before us.[3]

In sum, we find that "prior conviction" as used in 21 U.S.C. § 841(b)(1)(B) does not include adjudications of delinquency under the Pennsylvania Juvenile Act.

## III.

In light of the foregoing, we will vacate the judgment of sentence and remand this matter to the District Court for re-sentencing.

---

[3] Indeed, the <u>Sampson</u> court stated that it had "no reason to consider whether other juvenile adjudications, such as juvenile delinquency findings (entered in family court), could qualify as final felony convictions under <u>Section 841(b)</u>." <u>Sampson</u>, 385 F.3d at 195 n.8.