[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-13093

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 13, 2007
THOMAS K. KAHN
CLERK

D. C. Docket No. 00-00099-CR-T-N

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTHONY JOHNSON,
d.b.a. Jiffy Produce,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

**(March 13, 2007)**

Before ANDERSON and DUBINA, Circuit Judges, and VINSON,* District Judge.

PER CURIAM:

---

* The Honorable C. Roger Vinson, United States District Judge of the Northern District of Florida, sitting by designation.

Anthony Johnson appeals his 51-month sentence imposed after he was convicted of making a false statement on a food stamp program ("FSP") application, in violation of 18 U.S.C. § 1001. Johnson argues that the district court erred by (1) admitting computer printouts to establish his prior convictions that were not properly certified records of conviction when the originals were destroyed, and (2) finding that his offense involved "more than minimal planning," under U.S.S.G. § 2F1.1 (b)(2)(A) (1994), because his conduct – improperly checking "no" on the FSP application – did not involve concealment or extensive planning and there was no proof the receipt of food stamps was anything other than "opportune."[1]

After the Supreme Court's decision in United States v. Booker, 543 U.S. 220, 125 S.Ct. 738 (2005), we review the district court's application of the Guidelines under the same standards as we did pre-Booker: the district court's interpretation of the Guidelines is reviewed de novo and factual findings are reviewed for clear error. United States v. Crawford, 407 F.3d 1174, 1177-78 (11th Cir. 2005). The district court must, using pre-Booker precedent, correctly interpret and apply the Guidelines when calculating the appropriate advisory Guideline

---

[1] We reject Johnson's argument that the district court denied him credit for acceptance of responsibility without discussion. Similarly, we reject his argument regarding the district court's determination of the amount of loss as wholly without merit.

2

range.  Id. at 1178-79; United States v. Winingear, 422 F.3d 1241, 1246 (11th Cir. 2005).

Johnson's first argument, that the district court erred when it included certain misdemeanor convictions in his sentencing calculations because computer printouts were admitted to establish the convictions, fails.  This court has held that a certified copy of a conviction is not necessary to support a finding of a conviction.  United States v. Wilson, 183 F.3d 1291, 1301 (11th Cir. 1999).  In Wilson, we held that although a certified copy was best, a PSI in combination with the on-the-record statements of a probation officer and the notes of another probation officer were sufficiently reliable to support the finding of a conviction.  Id.  Similarly, in United States v. Acosta, 287 F.3d 1034, 1036 (11th Cir. 2002), we held that an uncertified copy of a juvenile adjudication, where the original was sealed and unavailable in its original form, proved beyond a doubt that the defendant had a prior drug conviction.  Here, the district court had sufficient, reliable evidence that Johnson had misdemeanor convictions.  The original records had been destroyed but the court had (1) a copy of the computer screen that displayed the facts of the case and had Johnson's correct Social Security number and date of birth; (2) a waiver of arraignment signed by Johnson; and (3) a general letter and testimony stating the reason why the originals could not be provided.  This satisfies the rules of evidence

and the district court did not err.[2]

Next, Johnson argues that the district court erred when it found that his offense involved more than minimal planning because his conduct did not involve concealment or extensive planning and there was no proof that the receipt of food stamps was anything other than opportune. We conclude that Johnson's argument is without merit.

In light of Johnson's repeated redemptions of food stamps made possible by his false statement (that he had no prior convictions), and in light of the district court's finding that Johnson's redemptions were "pure fraud" (i.e. so numerous and the amount so large that it was incredible that they represented legitimate sales), we readily conclude that the district court did not err in rejecting Johnson's argument that his actions were merely opportune. Although Johnson's briefs on appeal do not argue that the food stamp redemptions were not part of the appropriate relevant

_____

[2] To the extent that Johnson challenges the district court's admission of the exhibits that it found inadmissible, the district court merely misspoke when it said the exhibits were inadmissible and later corrected itself. Because he makes the argument for the first time in his reply brief, we decline to address Johnson's challenge, based on Shepard v. United States, 544 U.S. 13, 125 S.Ct. 1254 (2005), to his prior convictions and the use of computer printouts. In his initial brief, Johnson failed to present such a Shepard challenge; indeed, he failed to present any Booker-challenge to his prior convictions, limiting his argument in this regard to his other challenges. In any event, the instant sentencing occurred after United States v. Booker, 543 U.S. 220, 125 S.Ct. 738 (2005); the district court clearly understood the advisory nature of the guidelines and the instant sentence did not implicate any statutory minimum. Thus, the concerns of Almendarez-Torres v. United States, 523 U.S. 224, 118 S.Ct. 1219 (1998), and Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348 (2000), are not implicated.

conduct, we would in any event have rejected such an argument.

Section 2F1.1(b)(2)(A) of the 1994 Sentencing Guidelines mandates a two-level increase in the offense level for a defendant who has engaged in "more than minimal planning" for the commission of "the offense."[3]  This Court has held that "[t]he inquiry for more than minimal planning is not limited to the elements of a particular offense or the completion of the offense itself."  United States v. Crawford, 407 F.3d 1174, 1179 (11th Cir. 2005).  If the government proves that an offense involved repeated acts over a period of time, more than minimal planning is deemed present unless it is clear that each instance was "purely opportune."  Id. at 1180.  However, the purely opportune exception is narrow, only applies to "spur of the moment conduct," and "requires a close temporal relation between a fortuitous opportunity and an act that takes advantage of the opportunity."  Crawford, 407 F.3d at 1180.

Here, under U.S.S.G. § 1B1.3(a)(1)(B) and 1B1.3(a)(3), Johnson's acts of redeeming the food stamps were part of the relevant conduct and thus should be considered in the minimal planning calculus.  Section 1B1.3(a)(1)(B) defines as relevant conduct all foreseeable acts of others involved in the jointly undertaken

---

[3]  The minimal planning enhancement was eliminated in 2001.  However, because Johnson committed the conduct in 1995, when the 1994 guidelines were in effect, the district court used those guidelines.

criminal activity, even if it is not charged as such, that are made in furtherance of the criminal activity. There was substantial evidence that Johnson's redemption of the food stamps was fraudulent and was the reason for his fraudulent application to the FSP. Additionally, under § 1B1.3(a)(3), relevant conduct shall be determined, in part, based on "all harm that was the object of" all acts undertaken to further the criminal activity. The object of filling out the false application was to defraud the food stamp program. Johnson also redeemed the food stamps to further that goal. Therefore, because that activity was part of the relevant conduct, it could properly be considered in the district court's determination of whether or not there had been more than minimal planning. Under Crawford, Johnson's redemptions were not purely opportune and, hence, the scheme involved more than minimal planning. Therefore, the district court did not err and Johnson's sentence is AFFIRMED.