

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-31-2007

# USA v. Brown

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3174

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Brown" (2007). *2007 Decisions.* Paper 679.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/679

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 05-3174

———

UNITED STATES OF AMERICA,

v.

SHAWN BROWN, aka
Kenneth Jenkins

Shawn Brown,
Appellant

———

Appeal from the United States District Court
for the Eastern District of Pennsylvania
D.C. No. 04-cr-00532
District Judge: Hon. Harvey Bartle, III

———

Submitted Under Third Circuit LAR 34.1(a)

July 12, 2007

Before: SLOVITER, ALDISERT and ROTH, Circuit Judges.

(Filed: July 31, 2007)

———

OPINION OF THE COURT

———

ALDISERT, <u>Circuit Judge</u>.

This appeal by Shawn Brown from a conviction and sentence requires us to decide if there was sufficient evidence to convict him of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1), and whether the District Court violated Rule 704(b) of the Federal Rules of Evidence by admitting certain testimony of a police officer. We will affirm the decision of the District Court as to these matters. Separately, Brown argues that his sentence was improperly enhanced under 18 U.S.C. § 924(e), the Armed Career Criminal Act ("ACCA"), and that his 25-year sentence on the 21 U.S.C. § 841(a)(1) violation exceeds the statutory maximum of 20 years. We agree with him on these contentions and will remand for resentencing.

## I.

On February 14, 2004, Philadelphia Police Officers Joseph McCauley and Michael Maresca, members of the Narcotics Strike Force, observed several individuals get into a car with Brown. The officers then saw the individuals hand Brown money in exchange for small bags filled with a white powder. Before the officers could intervene, Brown spotted Officer Maresca and fired a gun at him. Officer Maresca ran for cover and Brown shot another round. Brown then started his car and fled the scene. After traveling less than a block, he turned a corner, lost control of his vehicle, hit a parked car and crashed head-on into a police vehicle. Before crashing, however, Brown managed to fire his gun at officers attempting to block his escape.

The Police then converged on Brown's stopped car and subdued him. During the arrest, Officer Cezar Nunez wrestled a .40 caliber handgun away from Brown. Officer Leonard Johnson, an examiner in the Firearms Identification Unit of the Philadelphia Police Department, later determined that shell casings recovered at the scene came from Brown's gun. Officer Sean McLaughlin also recovered 58 bags containing 23.166 grams of cocaine from Brown's jacket pocket during the arrest. Based on this evidence, a jury convicted Brown of all three charges against him.

Brown appeared before the District Court for sentencing on June 14, 2005. In its Presentence Investigation Report ("PSR"), the United States Probation Office determined that Brown's criminal history qualified him as an armed career criminal under the ACCA, based on four prior convictions. Specifically, the Probation Office relied on two drug convictions and two robbery convictions. Due to this determination, the statutory maximum sentence for Count Three, possession of a firearm by a convicted felon, became life. Without the ACCA determination, the sentence would have been no more than ten years.

Before sentencing, Brown objected to his classification as an armed career criminal, contending there was no evidence that his two prior drug convictions were "serious drug offenses" as defined in 18 U.S.C. § 924(e). Brown also objected that the "two prior robbery convictions" were not "separate offenses" as required by the ACCA,

3

arguing instead that they were part of one criminal episode. He stated that he had evidence to that effect for the District Court to consider.

At sentencing, the government noted that it had failed to file an Information Charging Prior Offense pursuant to 21 U.S.C. § 851. As a result of this misstep, the prosecutor conceded that the statutory maximum sentence for Count One, possession of cocaine with the intent to distribute, was 20 years, or 240 months, well under the range of 324-405 months calculated by the Probation Office.

Notwithstanding the statutory maximum of 240 months, the District Court sentenced Brown to concurrent sentences of 300 months on the drug possession and the firearm possession charges, to run consecutively with a 120-month sentence on Count Two, use of a firearm during and in relation to a drug trafficking crime. Brown's total sentence was 420 months' imprisonment. The District Court did not look at Brown's evidence as to his prior convictions, apparently rejecting his argument that they were committed on the same occasion, and instead relied solely on the PSR in deciding that enhancement under the ACCA was appropriate.

Brown now challenges his conviction and sentence.

## II.

Brown first argues that the evidence adduced at trial, viewed in the light most favorable to the government, was insufficient to allow a reasonable jury to conclude beyond a reasonable doubt that he possessed cocaine with the intent to distribute in violation of 21 U.S.C. § 841(a)(1). We disagree.

We apply a "particularly deferential standard of review when deciding whether a jury verdict rests on legally sufficient evidence." United States v. Dent, 149 F.3d 180, 187 (3d Cir. 1998). "It is not for us to weigh the evidence or to determine the credibility of the witnesses." United States v. Voigt, 89 F.3d 1050, 1080 (3d Cir. 1996). We view the evidence in the light most favorable to the government, see United States v. Thomas, 114 F.3d 403, 405 (3d Cir. 1997), and will sustain the verdict if "'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Voigt, 89 F.3d at 1080 (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)). A claim of insufficiency of the evidence thus "'places a very heavy burden on an appellant.'" Dent, 149 F.3d at 187 (quoting United States v. Gonzalez, 918 F.2d 1129, 1132 (3d Cir. 1990)).

The essential elements of possession of a controlled substance with intent to distribute are (1) knowing possession of a controlled substance and (2) intent to distribute it. See 21 U.S.C. § 841(a)(1). Actual possession can be established by physical custody or actual personal dominion. United States v. Batimana, 623 F.2d

5

1366, 1369 (9th Cir. 1980). This Court has found that a defendant possessed cocaine with the intent to distribute when he was arrested with 62 bags of the drug in his jacket pocket and a loaded firearm. See United States v. Johnson, 302 F.3d 139, 149-150 (3d Cir. 2002).

In the instant case, the government presented adequate evidence from which a jury could find that Brown possessed cocaine with the intent to distribute. The police seized from Brown's jacket pocket a bag that contained 58 smaller bags filled with 23.166 grams of cocaine. They also wrestled a loaded firearm from his hand. Furthermore, Officer Maresca testified that he witnessed several people get into Brown's car and exchange money for items from the same bag that was seized upon his apprehension. Viewed in the light most favorable to the government, the evidence is more than sufficient to support a finding of Brown's guilt beyond a reasonable doubt on the elements of possession with intent to distribute.

### III.

Brown next argues that the District Court violated Rule 704(b) of the Federal Rules of Evidence when it allowed Officer Maresca to testify as to his belief that Brown had sold a narcotic in the moments before he was arrested. Brown's argument is devoid of merit.[1]

---

[1] At trial, Brown objected when the prosecutor asked Officer Maresca: "[w]hy did you believe that the defendant was selling drugs that evening?" App. 31. We, accordingly, review the District Court's admission of the resulting testimony for an abuse of discretion. United States v. Gibbs, 190 F.3d 188, 211 (3d Cir. 1999).

Rule 704(b) of the Federal Rules of Evidence states: "[n]o expert witness testifying with respect to the mental state or condition of a defendant in a criminal case may state an opinion or inference as to whether the defendant did or did not have the mental state or condition constituting an element of the crime charged . . . ." Title 21 U.S.C. § 841(a)(1) has two prongs: (1) knowing possession of a controlled substance and (2) intent to distribute it. An expert witness is thus prohibited from testifying that a defendant knowingly possessed or had the intent to distribute a controlled substance. See Rule 704(b), Federal Rules of Evidence; 21 U.S.C. § 841(a)(1).

Brown has not presented any evidence or authority that would lead us to conclude that Officer Maresca testified as an expert for Rule 704(b) purposes. Even if Officer Maresca did testify as an expert, however, his testimony would not violate Rule 704(b). In United States v. Davis, 397 F.3d 173, 179 (3d Cir. 2005), we held that an officer's expert testimony did not violate Rule 704(b) when he stated that, based on his experience, the actions of a defendant were consistent with possession with intent to distribute narcotics. Officer Maresca provided even less testimony regarding intent when he stated that he witnessed Brown hand several individuals "small items" from a bag in exchange for money and that he believed he saw "a narcotics sale." App. 31. As in Davis, 397 F.3d at 179, the government "did not repeatedly refer to the individual defendant's state of mind when questioning the [witness]." Furthermore, while the officer in Davis referenced "intent," Officer Maresca never mentioned Brown's "mental

7

state," "mens rea," "intent," or "knowledge" in his testimony. See id.; United States v. Price, 458 F.3d 202, 212 (3d Cir. 2006) (holding that an officer's expert testimony did not violate Rule 704(b) because he never said a "word about [the defendant's] mental state").

Accordingly, the District Court did not exceed the permissible bounds of discretion in allowing Officer Maresca to testify as to his observations.

**IV.**

Brown next argues that the District Court improperly enhanced his sentence as an armed career criminal under 18 U.S.C. § 924(e). Brown contends that he had only two prior convictions that could possibly be deemed "violent" or "serious" from the PSR. We agree.[2]

The Armed Career Criminal Act states, "[i]n the case of a person who violates section 922(g) of this title and has three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years . . . ." 18 U.S.C. § 924(e)(1).

Based on the PSR, the District Court found that Brown had four "serious" or "violent" convictions—two drug offenses and two robberies—and sentenced him as an

---

[2] We exercise plenary review over this legal challenge to the District Court's application of the ACCA. See United States v. Jones, 332 F.3d 688, 690-691 (3d Cir. 2003).

armed career criminal. The government now concedes that the PSR was insufficient to determine whether two of the four offenses were "serious," so those offenses cannot qualify as convictions for § 924(e)(1) purposes. See Taylor v. United States, 495 U.S. 575, 599 (1990) (holding that the sentencing judge must look to charging documents, plea colloquies or jury instructions, where a state's definition of a crime is broader than the definition that satisfies ACCA enhancement); Shepard v. United States, 544 U.S. 13, 15 (2005) (upholding Taylor but ruling that a sentencing judge cannot look to police reports). This leaves Brown with only two qualifying convictions.

On appeal, the government points to yet another conviction listed in the PSR in the hope of satisfying the ACCA's three-conviction requirement: an aggravated assault. Thus, the government now argues that Brown qualifies as an armed career criminal because he has two prior robbery convictions and one conviction for aggravated assault. The government, however, does not provide us with any authority that would allow us to consider the additional offense. Even if we were to examine these three convictions, the government's attempt to qualify Brown as an armed career criminal would still fail. Based on the record as it stands, it is impossible to conclude that Brown was convicted of three offenses "committed on occasions different from one another . . . ," as required by the ACCA. 18 U.S.C. § 924(e)(1).

At sentencing, Brown objected that his second robbery conviction was really a conviction for conspiracy to commit robbery and was committed at the same time as one

of the other convictions. Brown stated that he had evidence to this effect for the District Court to consider.

The PSR does not refute Brown's contention. The arrest dates for the aggravated assault and the second robbery are identical, suggesting a connection. We also note that the Probation Office did not add any additional criminal history points to Brown's total as a result of the second robbery conviction, citing U.S.S.G. § 4A1.2(a)(2). That section states:

> Prior sentences imposed in unrelated cases are to be counted separately. Prior sentences imposed in related cases are to be treated as one sentence for purposes of § 4A1.1(a), (b), and (c).

U.S.S.G. § 4A1.2(a)(2). It is therefore conceivable that the second robbery may have been a "prior sentence imposed in a related case." Id.

The Supreme Court has authorized district courts to look at certified records of convictions, statutory elements, charging documents or jury instructions to clarify such ambiguities. See Taylor, 495 U.S. at 602; Shepard, 544 U.S. at 15. The government, however, did not present any such additional evidence for the District Court to consider. The government, therefore, has not met its burden under the ACCA to prove that Brown has been convicted of three serious drug offenses or violent felonies committed on separate occasions.

We will remand for resentencing.

**V.**

10

Finally, Brown argues that the District Court sentenced him to a term of imprisonment in excess of the statutory maximum for committing possession with intent to distribute, pursuant to 21 U.S.C.§ 841(a)(1). We agree.[3]

The government concedes that the District Court's sentence of 25 years on the 21 U.S.C. § 841(a)(1) violation exceeds the statutory maximum of 20 years. Title 21 U.S.C. § 841(b)(1)(C) sets a maximum sentence of 20 years unless the defendant has a prior conviction for a felony drug offense, in which case the maximum is 30 years. However, 21 U.S.C. § 851(a)(1) states,

> [n]o person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial . . . the United States attorney files an information with the court . . . stating in writing the previous convictions to be relied upon.

The prosecutor did not file an information with the District Court, so Brown's sentence cannot exceed 20 years on his 21 U.S.C. § 841(a)(1) violation.

Accordingly, we will remand to the District Court for resentencing on this issue as well.

****** 

We have considered all contentions of the parties and conclude that no further discussion is necessary.

The conviction will be affirmed and the sentence will be remanded.

---

[3] The issue presented is a question of law, so our review is plenary. See United States v. Huggins, 467 F.3d 359, 361 (3d Cir. 2006).