[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 5, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-11313
Non-Argument Calendar

_____

D. C. Docket No. 07-00412-CR-08-CAP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ERIC VARGAS TAVIRA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(October 5, 2009)

Before MARCUS, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Eric Tavira appeals his sentence to 240 months of imprisonment for conspiracy to possess with intent to distribute five kilograms or more of cocaine. 18 U.S.C. § 846, 841(b)(1)(A)(ii)(II). The district court enhanced Tavira's sentence for his prior conviction in a Georgia court for possessing cocaine. Id. § 841(b)(1)(A). We affirm.

In 2001, Tavira pleaded guilty in a Georgia court to possessing cocaine. Tavira was treated as a first offender and was sentenced to twelve months of probation in lieu of imprisonment. After Tavira completed probation, he was "discharged without court adjudication of guilt" and "not [] considered to have a criminal conviction." Ga. Code Ann. § 42-8-62(a). The discharge "completely exonerate[d] [Tavira] of any criminal purpose" under state law. Id.

In 2007, Tavira was indicted for his role in a conspiracy to distribute cocaine, and the government moved to enhance Tavira's sentence based on his earlier conviction. Tavira entered a blind plea of guilty to conspiring to possess with intent to distribute five kilograms or more of cocaine, but he objected to the enhancement of his sentence and argued that he was not "convicted" under Georgia law. The district court overruled Tavira's objection and sentenced Tavira to the mandatory minimum sentence of 20 years of imprisonment.

2

The district court did not err, plainly or otherwise, by enhancing Tavira's sentence. Tavira argues for the first time that the enhancement provision of section 841(b)(1)(A) is unconstitutionally vague because it does not define the word "conviction" and an enhancement predicated on an offense for which he was exonerated is manifestly unjust, but we disagree. Tavira argues that we should follow state law to determine whether he has a prior conviction, but we are bound by federal law to determine what constitutes a "conviction" under section 841(b)(1). United States v. Acosta, 287 F.3d 1034, 1036–37 (11th Cir. 2002); United States v. Mejias, 47 F.3d 401, 403–04 (11th Cir. 1995). Although a Georgia court discharged and exonerated Tavira after he completed a pre-trial diversionary program for first offenders, the district court was entitled to enhance Tavira's sentence based on his prior conviction. See Acosta, 278 F.3d at 1036–37 (affirming enhancement of a sentence under section 841(b)(1)(A) with defendant's prior adjudication as a youthful offender even though "state law d[id] not consider [the defendant] 'convicted' and his record [was] sealed"). Cf. Dickerson v. New Banner Inst., Inc., 460 U.S. 103, 112–15, 103 S. Ct. 986, 992–93 (1983) (affirming enhancement of a sentence under the Gun Control Act with defendant's prior conviction even though a state court discharged the defendant and expunged the charge under a pre-trial diversionary program). To rule otherwise "would disrupt

3

uniformity in federal sentencing and frustrate the purpose of sentence enhancement . . . to punish and deter recidivism." Mejias, 47 F.3d at 404; e.g., Acosta, 278 F.3d at 1037.

Tavira's sentence is **AFFIRMED**.