**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2773
_____

UNITED STATES OF AMERICA

v.

JAMES FREEMAN,
                                Appellant
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE
(D.C. Crim. No. 09-cr-00038-001)
District Judge:  Honorable Joseph J. Farnan, Jr.
_____

Submitted Under Third Circuit LAR 34.1(a)
June 20, 2011
_____

Before: BARRY, AMBRO and COWEN, Circuit Judges

(Opinion Filed: July 5, 2011)
_____

OPINION
_____

BARRY, Circuit Judge

James Freeman appeals from the 240-month sentence that the District Court

imposed upon him following his guilty plea to possession with intent to distribute cocaine

and marijuana.  We reject each argument raised by Freeman on appeal, and will affirm the

District Court's sentence on count one. Because, however, it is apparent to us that the District Court's sentence on count two exceeded the statutory maximum, we will sua sponte vacate the sentence imposed on count two and remand for resentencing on that count.

## I. Background

On March 23, 2009, Freeman shipped a package from a UPS facility in Tucson, Arizona, to an address in New Castle, Delaware. Four days later, when the package was en route in Wilmington, Delaware, agents of the Drug Enforcement Administration searched the package and discovered a glass table inside. The table contained a hydraulically operated trap that concealed 20.75 kilograms of marijuana.

Freeman was arrested outside his home on March 30, 2009. During a search of his home, agents discovered a table in the basement. The table featured a hydraulically operated trap concealing 34.07 kilograms of cocaine. Sitting atop the table was a fish tank that featured a similar trap concealing $215,450 in United States currency.

On April 16, 2009, a grand jury returned an indictment charging Freeman with one count of possession with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 841(a)(1)(A) and (b)(1)(A), and one count of possession with intent to distribute a detectable amount of marijuana, in violation of 21 U.S.C. § 841(a)(1)(A) and (b)(1)(D). On December 17, 2010, pursuant to a plea agreement with the government, Freeman pleaded guilty to both counts.

2

The plea agreement recited the parties' agreement that the base offense level was thirty-four, as well as their expectation that Freeman would qualify for a three-level reduction for acceptance of responsibility. The plea agreement noted that the maximum penalty for count two, the marijuana count, was a term of imprisonment of five years. The District Court also explained at the plea hearing that the maximum penalty on count two was a term of imprisonment of five years.

At sentencing, on May 13, 2010, the Court confirmed that there were no objections to the Pre-Sentence Report ("PSR"), which yielded an advisory guidelines range of 168 to 210 months. It also heard from defense counsel, who articulated several reasons why Freeman should receive a below-Guidelines sentence: he had been severely affected by the untimely deaths of his brother and sister, he had a loving relationship with his wife and children, and he suffered from numerous physical ailments.

Freeman then addressed the Court:

When my brother had got incarcerated, you know, like, you know, my mother she would always say, I feel good that he's in jail, you know, as opposed to him being on the streets, because of the trial and tribulations that people are afflicted with when they are on the streets. And, you know, it was such a tragedy when [my brother died in prison], because no one thought it would happen, you know, by him losing his life in jail, you know, and this had a strong effect on the family, you know.

…

It wouldn't be nothing for me, you know, inside a prison system in Philadelphia, because I'm around the people that I know. Now it's totally different now, you know. I'm in another state, you know, I'm totally unaware of. I don't know the people that are here, you know, and, you know, it's different now, you know.

3

(63a-67a.)  Following remarks by the government, the District Court imposed sentence:

When I came into the courtroom, I was thinking you know, maybe [defense counsel is] right, ten years is enough, because I'm very concerned about disparity in sentencing and in over-sentencing people, because I realize one day deprived of your liberty is a lot of time.  Ten years is a huge amount of time.  I want you to understand that I don't take it lightly.

And I kind of, when I came here I was thinking, Well, maybe ten isn't enough.  The Government's 168 months, 14 years is too much.  11 years. 12 years.

But as what happens, every once in a while after listening to you talk, I became convinced that ten years wasn't enough, 12 years wasn't enough.  And, in fact, you've convinced me, just like you had taken responsibility for the act [sic], that 14 years isn't enough for someone like you.

What you've convinced me of here today by your articulation is that you really need to be incarcerated for a longer period of time, because you have no appreciation for the amount of drugs you were distributing and what it did to your victims.  Your victims aren't here in the courtroom.  They are the young people that used the cocaine.  They are the young people that used that marijuana and got their lives distorted.  You got them off track.  It doesn't account for the victims in law enforcement whose lives you have put at risk by being involved in a dangerous business.

Drug trafficking, in the amounts that you were trafficking, and as I reflected on you talking about your time in the Philadelphia prison system, it had no impact on you, because it was like going on vacation from the neighborhood, you were with all your friends.

. . .

I'm going to sentence you to 20 years, 240 months.

Pursuant to the Sentencing Reform Act of 1984, and after considering all the factors set forth in 18 United States Code, Section 3553(a) it's the judgment of the Court that the Defendant, James Freeman, is hereby committed to the custody of the Bureau of Prisons, to be imprisoned for a term of 240 months on Count I, and a term of 120 months on Count II, with the sentences to be served concurrently.

4

(75-76a.)  On June 2, 2010, the District Court entered a judgment on the docket that reflected the identical sentence.

## II.  Jurisdiction and Standard of Review

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231, and we have jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.  When reviewing a sentence on appeal, we first ensure that the sentencing court did not commit a serious procedural error, "such as failing to calculate (or improperly calculating) the Guidelines range [or] treating the Guidelines as mandatory." *Gall v. United States*, 552 U.S. 38, 51 (2007).  We then "review the substantive reasonableness of the sentence under an abuse-of-discretion standard," while keeping in mind that "[a]s long as a sentence falls within the broad range of possible sentences that can be considered reasonable in light of the § 3553(a) factors, we must affirm." *United States v. Wise*, 515 F.3d 207, 218 (3d Cir. 2008).

## III.  Discussion

Freeman contends that the District Court's application of the section 3553 factors constituted both procedural and substantive error.  Neither contention has merit.

### A.  Procedural Error

#### 1.  Failure to Respond to Defense Arguments

Freeman first contends that the District Court failed to directly respond to several of his arguments in support of a below-Guidelines sentence, including his physical

5

disabilities, his close ties with his family, the impact that the death of his two siblings had upon him, and the fact that his criminal history was nonviolent. This argument fails, as precedent makes clear that a district court's failure to respond to each and every section 3553 argument does not constitute procedural error warranting remand. *See Rita v. United States*, 551 U.S. 338, 358 (2007) (concluding from district court's failure to respond to certain sentencing arguments that the district court "must have believed that there was not much more to say"); *United States v. Olfano*, 503 F.3d 240, 245 (3d Cir. 2007) (concluding from district court's failure to respond to certain sentencing arguments that "the District Judge apparently determined that defendant's arguments were simply insufficient to warrant a below-Guidelines sentence").[1]

### 2. Failure to Explain Why Guidelines Range Was Inadequate

Freeman further contends that the District Court failed to explain why the range recommended by the Guidelines was inadequate, in light of section 3553's command that the court impose a sentence "sufficient, but not greater than necessary." This argument is meritless, as the District Court spoke at length about its reasons for imposing the sentence that it did. The District Court, moreover, was not required to specifically explain why the sentence that it selected was the lowest possible sentence that would satisfy the parsimony

---

[1] We also note that defense counsel informed the District Court that "[t]here's nothing in my client's background that would justify or excuse any of this" (48a) and that the death of his sister was "not a justification for anything" (57a). Freeman similarly explained that the crime was "totally my fault" and not "my parents' with raising me." (63a.)

provision. *See United States v. Charles*, 467 F.3d 828, 833 (3d Cir. 2006) ("To meet the requirements of the 'Parsimony Provision,' he contends, the District Court should have noted why a low-end Guidelines-range sentence (37 months) was insufficient to meet § 3553(a)(2)'s penological goals. By demanding that the Court assume the burden of proving that his sentence is not unreasonable, Charles attempts to flip the reasonableness requirement on its head.").

### 3. Seizure of Drugs

Finally, Freeman contends that the District Court erred in noting the effects that narcotics had on the victims of his conduct, as the drugs at issue were seized before they could reach users on the street. While Freeman is correct as a factual matter, in context it is clear that the District Court was speaking generally about the effects of the drug trade on victims. That the government successfully arrested Freeman and seized his drugs before they could reach the street hardly supports a plea for leniency.

### B. Substantive Reasonableness

Freeman's final contention is that the total 240-month sentence, which fell thirty months above the top of the Guidelines, was substantively unreasonable in light of the mitigating evidence available to the District Court. Yet while Freeman made colorable arguments in mitigation, the District Court acted within its discretion in rejecting these arguments. *See United States v. Tomko*, 562 F.3d 558, 568 (2009) (en banc) ("[I]f the district court's sentence is procedurally sound, we will affirm it unless no reasonable

7

sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided.").

## C. Count Two

Notwithstanding the lack of merit in the arguments that Freeman brings on appeal, we will sua sponte vacate and remand with respect to the sentence imposed on count two, which charged Freeman with possessing with intent to distribute a mixture containing a detectable amount of marijuana, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(D). Section 841(b)(1)(D) provides that the maximum penalty, "[i]n the case of less than 50 kilograms of marihuana," is "a term of imprisonment of not more than 5 years." 21 U.S.C. § 841(b)(1)(D).[2] The District Court's imposition of a ten-year sentence on this count fell outside the statutory maximum, and we may notice this error sua sponte. *See United States v. Dixon*, 308 F.3d 229, 236 (3d Cir. 2002). Accordingly, we will vacate the District Court's sentence on count two and remand for resentencing within the statutory maximum on that count.

---

[2] Section 841(b)(1)(D) further provides that if a person "commits such violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment of not more than 10 years." 21 U.S.C. § 841(b)(1)(D). Although Freeman was twice "adjudged delinquent" as a juvenile for narcotics offenses (PSR ¶¶ 34-35), we have held that being adjudged delinquent as a juvenile "is not the same as an adult conviction" and thus that "'prior conviction' as used in 21 U.S.C. § 841(b)(1)(B) does not include adjudications of delinquency under the Pennsylvania Juvenile Act." *United States v. Huggins*, 467 F.3d 359, 361-62 (3d Cir. 2006). The logic of *Huggins* applies equally to (b)(1)(D), and it is presumably for this reason that the plea agreement, the District Court at the plea hearing, and the pre-sentence report all agreed that the maximum penalty on count two was a term of imprisonment of five years.

## IV. Conclusion

We will affirm the judgment of sentence on count one and vacate and remand for resentencing on count two.