# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1308

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the District |
| | * | of Nebraska. |
| Nicholas R. Dieken, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted:  September 14, 2005
Filed:  January 5, 2006

_____

Before MELLOY, BEAM, and BENTON, Circuit Judges.

_____

BEAM, Circuit Judge.

A jury found Nicholas Dieken guilty of conspiracy to distribute or possess with intent to distribute at least 200 grams but less than 350 grams of methamphetamine. Dieken was acquitted on count II, which involved the use or possession of a firearm. The district court[1] sentenced Dieken to ninety-seven months' imprisonment followed by a five-year term of supervised release. Dieken appeals.

_____

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

## I.    BACKGROUND

We recite the facts in the light most favorable to the jury's verdict. <u>United States v. Lopez</u>, 384 F.3d 937, 940 (8th Cir. 2004). On November 28, 2001, Dieken turned onto a highway directly in front of Clay County Sheriff Jeff Franklin's oncoming vehicle, requiring Franklin to decelerate to avoid a collision. Franklin stopped Dieken's vehicle after Franklin observed Dieken make a wide turn and cross the center line three times within a mile. There were two other people in the car, including the owner of the vehicle, Kristle Kenley, who was the rear-seat passenger at that time.

In response to Franklin's questioning concerning Dieken's erratic driving, Dieken told Franklin that he had just "woke up" and "wasn't quite functioning yet." Franklin learned that Dieken did not have his license with him and that there was a warrant for Dieken's arrest. Franklin also smelled the odor of marijuana in the car. Franklin arrested Dieken on the outstanding warrant. The two passengers were also arrested and all three were placed in custody in the county jail in separate cells.

During this stop, Franklin obtained consent from Dieken and Kenley to search the car. The vehicle was towed and searched at a later time as well. Those searches produced several items including a jacket containing bags of methamphetamine and a metal box containing marijuana and a scale. The search of Dieken's person yielded $234.00 in cash and keys that fit the metal box.

Following his arrest, Dieken spoke with officials several times regarding his drug trafficking participation. Each time Dieken was read his Miranda rights, which he waived, and each officer testified that Dieken was coherent at the time of their interviews and did not appear to be under the influence of any drugs or alcohol. During these conversations, Dieken admitted that the $234.00 found on his person at the time of his arrest was from marijuana sales. When asked why the passengers

seemed to be moving around so much when Franklin pulled in behind the car, Dieken told Franklin that he and the front-seat passenger had dropped a marijuana bud the night before and they were looking for it. Dieken also told officers that he owned the metal box containing marijuana and that he helped James Malone steal methamphetamine from someone known as "Mexico Joe" around June 2001. Dieken further admitted that he bought methamphetamine from and sold it to Kenley; he accompanied Kenley when she bought methamphetamine and received portions; and he had several sources for methamphetamine, including James Malone.

Trial ensued on October 18, 2004. The government offered several witnesses who testified pursuant to plea agreements, including Malone. Malone testified that he bought methamphetamine from and sold methamphetamine to Dieken, and that he provided a handgun to Dieken to use during the "Mexico Joe" ripoff. Scott Miller also testified pursuant to a plea agreement on the government's behalf. Miller testified that he saw Dieken and Malone exchange drugs, heard them talking about quantities of drugs and the sale of drugs, and saw Dieken sell drugs to others. Miller also testified that Dieken told him about ripping off "Mexico Joe."

The district court reduced Dieken's criminal history category from four to three, which resulted in a sentencing range of 97 to 121 months. The district court sentenced Dieken at the low end of the range, ninety-seven months' imprisonment. On appeal Dieken challenges that sentence on various grounds including the use of prior convictions (including juvenile convictions) to arrive at the sentence and the district court's inadequate consideration of the factors set forth in 18 U.S.C. § 3553(a) in arriving at the sentence. Dieken further challenges the district court's denial of his motion to suppress, arguing that the evidence obtained from the search of the vehicle and the statements he made to officers were obtained in violation of his Fourth and Fifth Amendment rights. Finally, Dieken challenges the sufficiency of the evidence supporting his conviction.

## II.    DISCUSSION

### A.    Reasonableness Under 18 U.S.C. § 3553(a)

Dieken argues[2] that not only did the district court unreasonably place Dieken in an invalid guideline range by using prior convictions, a contention we have easily disposed of, but that the district court failed to adequately consider all of the 18 U.S.C. § 3553(a) factors in rendering Dieken's sentence.  We review the reasonableness of the sentenced imposed by the district court for an abuse of discretion.  United States v. Dalton, 404 F.3d 1029, 1032 (8th Cir. 2005); United States v. Haack, 403 F.3d 997, 1003 (8th Cir. 2005), cert. denied, 126 S. Ct. 276 (2005).  A district court's ruling may be unreasonable if it fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only appropriate factors but nevertheless commits a clear error of judgment by imposing a sentence that lies outside the limited range of choice dictated by the facts of the case.  United States v. Hadash, 408 F.3d 1080, 1084 (8th Cir. 2005).

Specifically, Dieken claims that the district court failed to adequately contemplate his history and his troubled family life; and failed to consider the particular portion of section 3553(a) that states that the court should impose a

---

[2]Before reaching the issues regarding the reasonableness of Dieken's sentence, the alleged Fifth Amendment violation, and the evidentiary issues raised on appeal, we pause to dispose of Dieken's arguments that his prior convictions should have been submitted to a jury and proven beyond a reasonable doubt, and that his juvenile adjudications should not have been considered prior convictions for sentencing purposes.  Both contentions have been rejected by the Supreme Court and this court, respectively.  See United States v. Booker, 125 S. Ct. 738, 756 (2005) (reaffirming the Court's holding that prior convictions are not "facts" that must be decided by a jury for purposes of sentencing); and United States v. Smalley, 294 F.3d 1030, 1033 (8th Cir. 2002), cert. denied, 537 U.S. 1114 (2003) (concluding that juvenile adjudications can rightly be characterized as "prior convictions" for Apprendi purposes).

sufficient sentence but not greater than necessary to comply with the purposes of the punishment. Dieken further claims that his ninety-seven month sentence makes it more difficult for him to participate in any educational and/or treatment programs available through the Bureau of Prisons–programs that he feels he needs given his drug addiction, young age and limited education. We disagree with Dieken's contentions.

Here, it is clear the district court fully understood that the Guidelines were advisory at the time of Dieken's sentence and that it was to fashion a sentence that met the goals of section 3553(a). The district court analyzed the section 3553(a) factors in this case and deduced that the suggested guidelines sentence reflected "a perfectly reasonable sentence to impose." Dieken's age, drug use and family situation simply did not, according to the court, distinguish him from any other similarly situated defendant to a degree that necessitated deviation from the suggested guidelines sentence.

Like the Seventh Circuit, we do not require a district court to categorically rehearse each of the section 3553(a) factors on the record when it imposes a sentence as long as it is clear that they were considered. United States v. Dean, 414 F.3d 725, 729 (7th Cir. 2005). In this case it is clear the factors were fully considered. The sentence imposed by the district court within the suggested guideline range is not unreasonable.

## B. Sufficiency of the Evidence

As to the overall sufficiency of the evidence supporting his conviction, upon our de novo review and viewing the evidence in the light most favorable to the jury verdict, we have no doubt there was sufficient evidence that a conspiracy existed and that Dieken agreed with Malone and others to distribute methamphetamine and to possess it with intent to distribute. United States v. Vinton, 429 F.3d 811, 815 (8th

Cir. 2005) (setting forth the elements necessary to obtain a conspiracy conviction and reiterating that "[i]n reviewing sufficiency of the evidence claims, we view the evidence in the light most favorable to the government, with all reasonable inferences and credibility determinations made in support of the jury's verdict.").

### C.     Fourth and Fifth Amendment

We have considered Dieken's remaining arguments challenging the district court's denial of his motion to suppress concerning the search of the car and the items recovered, as well as the admissions he made to the officers and conclude that the district court properly rejected these claims. We affirm the well-reasoned opinion set forth by the magistrate judge[3] and adopted by the district court. See 8th Cir. R. 47B.

### III.   CONCLUSION

For the reasons stated herein, we affirm.

_____

---

[3]The Honorable David L. Piester, United States Magistrate Judge for the District of Nebraska.