[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 25, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-16358
Non-Argument Calendar

_____

D. C. Docket No. 06-00029-CR-4-CLS-RRA

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GEOFFREY K. LOOMIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(July 25, 2007)**

Before BLACK, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Geoffrey Loomis appeals his 180-month and 120-month sentences, to run concurrently, imposed after he pled guilty to transporting child pornography, 18 U.S.C. § 2252A(a)(1), and to possessing child pornography, 18 U.S.C. § 2252A(a)(5)(b). On appeal, Loomis argues that the district court erred in concluding that a youthful offender adjudication constituted a prior conviction for sentencing purposes under 18 U.S.C. § 2252(b)(1), (b)(2). He further contends that the district court violated his due process or equal protection rights by sentencing him to enhanced punishment.

We ordinarily review a district court's interpretation of a statute *de novo*. *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1275 (11th Cir. 2006). However, where, as here, a defendant did not raise an objection below, we review for plain error. *See United States v. Rodriguez*, 398 F.3d 1291, 1298 (11th Cir. 2005). We review a properly preserved constitutional challenge to a sentence *de novo*, and "will reverse only upon a finding of harmful error based on the constitutional challenge." *United States v. Pope*, 461 F.3d 1331, 1333 (11th Cir. 2006).

The district court did not plainly err in concluding that a prior youthful offender adjudication constituted a prior conviction under the statute. We have not yet addressed this precise issue in the context of 18 U.S.C. §§ 2252(b)(1), (b)(2); however, we have concluded that such adjudications constituted prior convictions

2

under other statutes. *See United States v. Burge*, 407 F.3d 1183, 1187-90 (11th Cir. 2005) (holding juvenile adjudications can be prior convictions under Armed Career Criminal Act, 18 U.S.C. § 924(e)); *United States v. Acosta*, 287 F.3d 1034 (11th Cir. 2002)(holding prior youthful adjudication counts as "prior conviction" for sentence enhancement purposes under repeat offender provision, 21 U.S.C. § 841(b)). Furthermore, it is not "unequivocally clear" from the statute's wording that a youthful offender adjudication is prohibited from being used in this manner, since the word "conviction" is not statutorily defined. *See United States v. Lett*, 483 F.3d 782, 790 (11th Cir. 2007); 18 U.S.C. § 2256. Thus, the error, if any, was not "plain*." See Lett*, 483 F.3d at 790.

Loomis also challenges both his current enhancement and prior conviction as violating his due process rights. This argument also fails. The Supreme Court has held that a prior conviction used for sentencing enhancement purposes is "not subject to collateral attack in the sentence proceeding," absent a showing that the prior conviction was obtained in violation of the right to counsel. *See Custis v. United States*, 511 U.S. 485, 492, 114 S. Ct. 1732, 1737, 128 L. Ed. 2d 517 (1994). Likewise, we have noted that "[c]ollateral attacks on prior convictions are allowed in federal sentencing proceedings in one narrow circumstance only: when the conviction was obtained in violation of the defendant's right to counsel." *United*

3

*States v. Phillips*, 120 F.3d 227, 231 (11th Cir. 1997). Here, Loomis does not contend that he was not represented by counsel so he is prevented from collaterally attacking the prior conviction. Furthermore, sentencing enhancements based on recidivism have withstood numerous constitutional challenges, including those based on due process or equal protection. *See Parke v. Raley*, 506 U.S. 20, 27, 113 S. Ct. 517, 522, 121 L. Ed. 2d 391 (1992). Loomis has provided no substantive argument on why this sentencing enhancement is unconstitutional, nor has he explained how its application may have violated his due process or equal protection rights. Therefore, to the extent Loomis argues that a sentencing enhancement under §§ 2552A(b)(1) and (b)(2) is *per se* unconstitutional, the argument also fails.

Accordingly, we affirm Loomis's sentences.

**AFFIRMED.**