# United States Court of Appeals
## For the Eighth Circuit

_____

No. 11-2828

_____

United States of America

*Plaintiff - Appellee*

v.

Francis Joseph Woodard

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Council Bluffs

_____

Submitted: January 13, 2012
Filed: September 13, 2012

_____

Before WOLLMAN, LOKEN, and MELLOY, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

Francis Joseph Woodard pled guilty to possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). The district court[1] sentenced Woodard to 168 months' imprisonment. Woodard appeals his sentence, arguing that his prior juvenile

_____

[1]The Honorable John A. Jarvey, United States District Judge for the Southern District of Iowa.

adjudication for second-degree sexual abuse does not support an enhancement under 18 U.S.C. § 2252(b)(2) or the United States Sentencing Guidelines (Guidelines) § 2G2.2(b)(5) because a juvenile adjudication does not constitute a prior conviction for those purposes. We affirm.

I.

Woodard's presentence report (PSR) indicated that he had a prior juvenile adjudication for sexual abuse of a minor. The statutory sentencing range for a violation of 18 U.S.C. § 2252(a)(4)(B) is 0 to 10 years' imprisonment. 18 U.S.C. § 2252(b)(2). That range increases to not less than 10 years nor more than 20 years for a defendant who has a prior conviction involving sexual abuse. Id. Although Woodard admitted that the facts outlined in the PSR were accurate, he objected to the classification of the juvenile adjudication as a prior conviction and to the resulting mandatory minimum and increased possible maximum sentence. Woodard also objected to the PSR's use of the juvenile adjudication as the basis for a five-level sentencing enhancement under Guidelines § 2G2.2(b)(5).

Following a hearing, and relying on our decision in United States v. Smalley, 294 F.3d 1030 (8th Cir. 2002), the district court concluded that Woodard's juvenile adjudication could be considered a prior conviction under 18 U.S.C. § 2252(b). The district court also determined that that adjudication could constitute the basis of a pattern-of-conduct enhancement under Guidelines § 2G2.2(b)(5). Woodard's appeal challenges the application of the increased statutory minimum and Guidelines enhancements. He also contends that the government failed to establish that his adjudication as a juvenile sexual abuse offender was determined in a constitutional manner.

II.

A.

This appeal raises the issue whether a juvenile adjudication can be considered a prior conviction under 18 U.S.C. § 2252(b). We addressed in Smalley whether a juvenile adjudication can constitute a prior conviction under the Armed Career Criminal Act of 1984 (ACCA), 18 U.S.C. § 924(e). We determined that the use of a juvenile adjudication for a violent felony to enhance a sentence does not violate Apprendi v. New Jersey, 530 U.S. 466, 490 (2000). We have also held that juvenile adjudications for sexual misconduct can constitute prior convictions for sentencing purposes in ACCA cases, see United States v. Nash, 627 F.3d 693, 696 (8th Cir. 2010) (holding that a juvenile adjudication resulting in an adult sentence was a predicate conviction under the ACCA), and that juvenile adjudications can constitute prior convictions for sentencing purposes in drug offenses, United States v. Dieken, 432 F.3d 906, 908-09 n.2 (8th Cir. 2006).

Woodard first contends that Smalley is inapposite because it involved the ACCA, a statute that characterizes juvenile adjudications as prior convictions. See 18 U.S.C. § 924(e)(2)(C). In contrast, 18 U.S.C. § 2252(b)(2) includes no similar characterization, leading Woodard to argue that the absence of such a definition reflects Congress's intent that a juvenile adjudication not be considered as a prior conviction in the context of violations of 18 U.S.C. § 2252(b)(2). "We review claims of constitutional error and issues of statutory construction *de novo*." United States v. Smith, 656 F.3d 821, 826 (8th Cir. 2011) (quoting Royal v. Kautzky, 375 F.3d 720, 722 (8th Cir. 2004)).

After noting in Smalley that Congress characterized juvenile adjudications as prior convictions in ACCA violation cases, 294 F.3d at 1031, we went on to conclude that Congress's characterization was not dispositive, however, because whether a

juvenile adjudication may be characterized as a prior conviction for Apprendi purposes is a constitutional question implicating a defendant's due process rights. Id. at 1031-32. Ultimately, we concluded that juvenile adjudications possess safeguards sufficient to satisfy due process requirements. Id. at 1033. We determined that the lack of a jury trial in juvenile adjudications does not offend due process "because we think that the use of a jury in the juvenile context would 'not strengthen greatly, if at all, the fact-finding function' and is not constitutionally required." Id. (quoting McKeiver v. Pennsylvania, 403 U.S. 528, 547 (1971) (plurality opinion)).

Although it is true that the statute at issue in Smalley is different from the statute at issue here, we have applied Smalley's holding in a drug offense case. See Dieken, 432 F.3d at 908-09 n.2. Like the statute at issue here, the statutes criminalizing drug offenses and establishing the penalties for violation thereof do not characterize juvenile adjudications as prior convictions. Applying the same analysis here, we hold that a juvenile adjudication may be considered a prior conviction under 18 U.S.C. § 2252(b).[2]

B.

Woodard next contends that the district court erroneously applied a five-level enhancement pursuant to Guidelines § 2G2.2(b)(5) for Woodard's having engaged in a pattern of activity involving the sexual abuse or exploitation of a minor. Woodard argues that his juvenile adjudication cannot form the basis for the enhancement. We review the district court's application of the Guidelines *de novo* and review its factual

---

[2]We note that our holding is consistent with the Eleventh Circuit's unpublished opinion in United States v. Loomis, 230 F. App'x 938, 939 (11th Cir. 2007) (per curiam), in which the Eleventh Circuit found no plain error in the district's determination that the defendant's youthful offender adjudication was a prior conviction under 18 U.S.C. § 2252(b).

findings for clear error. United States v. Birdine, 515 F.3d 842, 845 (8th Cir. 2008).

The phrase "pattern of activity involving the sexual abuse or exploitation of a minor" means

> any combination of two or more separate instances of the sexual abuse or sexual exploitation of a minor by the defendant, whether or not the abuse or exploitation (A) occurred during the course of the offense; (B) involved the same minor; or (C) resulted in a conviction for such conduct.

U.S. Sentencing Guidelines Manual § 2G2.2(b)(5) cmt. n.1. The PSR describes Woodard's sexual abuse of two minors, conduct that satisfies the "two or more separate instances" requirement. The Guidelines allow for the enhancement "whether or not the abuse or exploitation . . . resulted in a conviction for such conduct." Id. Thus, a juvenile adjudication may be considered for enhancement purposes under § 2G2.2(b)(5), regardless of whether the juvenile adjudication is considered a prior conviction.

We join our sister circuits in concluding that § 2G2.2(b)(5) contains no temporal limitation that would prevent Woodard's sexual abuse that occurred 19 years earlier from triggering the enhancement. See United States v. Bacon, 646 F.3d 218, 220-21 (5th Cir. 2011) (per curiam) (concluding that no temporal restriction exists in applying § 2G2.2(b)(5) based on abuse that occurred 30 years earlier (citing United States v. Turner, 626 F.3d 566, 572-73 (11th Cir. 2010) (enhancement applied based on abuse that occurred 20 years earlier); United States v. Olfano, 503 F.3d 240, 243 (3d Cir. 2007) (enhancement applied based on abuse that occurred 16 and 13 years earlier); United States v. Garner, 490 F.3d 739, 742-43 (9th Cir. 2007) (enhancement applied based on abuse that occurred 35 years earlier); United States v. Gawthrop, 310 F.3d 405, 413-14 (6th Cir. 2002) (enhancement applied based on abuse that occurred

11 years earlier); United States v. Woodward, 277 F.3d 87, 90-92 (1st Cir. 2002) (enhancement applied based on abuse that occurred 22 and 27 years earlier); United States v. Lovaas, 241 F.3d 900, 903-04 (7th Cir. 2001) (enhancement applied based on abuse that occurred 26 years earlier))). The district court thus did not err in applying the five-level enhancement to Woodard's sentence.

C.

Finally, Woodard contends that, assuming a juvenile adjudication could be used for sentencing enhancement purposes, it should not have been used in his case because there is insufficient evidence that his juvenile adjudication was accompanied by proper safeguards. Woodard's counsel raised this issue at sentencing by stating:

> Your Honor, I just want the record to be clear that even last night I went through the documents that I've had on this case, and I am yet able [sic] to find an actual adjudication from the Pottawattamie County Juvenile Court or the Pottawattamie County District Court that reflects that a judge had made an adjudication. There are documents that reflect courts and a date for disposition and adjudication, but I've yet to find documents that would reflect that there was actually an adjudication entered on that date. I just wanted to put on the record that part of my objection was the lack of evidence of showing representation of counsel and showing the court filing in that regard.

Sentencing Tr. 3:17-4:3.

We conclude that sufficient evidence exists to support Woodard's juvenile adjudication. The PSR established that Woodard had sexually abused two minors. PSR ¶ 12, 33, factual findings to which Woodard raised no objection. "If a defendant objects only to the PSR's recommendation, but not to the facts themselves, the court may accept the facts as true and rely on the unobjected-to facts in determining whether to impose an enhancement." United States v. Douglas, 646 F.3d 1134, 1137 (8th Cir.

2011) (citing <u>United States v. Bledsoe</u>, 445 F.3d 1069, 1073 (8th Cir. 2006)). Woodard conceded the existence of the juvenile adjudication, arguing only that the adjudication should not enhance his sentence. The district court thus did not err in finding that Woodard had been adjudicated guilty of sexual abuse of a minor.

Woodard's suggestion that his adjudication lacked proper safeguards constitutes a collateral attack on his juvenile adjudication. Woodard fails to identify any constitutional safeguards that he was deprived of at the time. In any event, denial of the right to counsel "is the only ground upon which a prior conviction used to enhance a federal sentence may be collaterally attacked." <u>United States v. Reyes-Solano</u>, 543 F.3d 474, 478 (8th Cir. 2008) (citing <u>Custis v. United States</u>, 511 U.S. 485, 487 (1994)). Assuming that Woodard's claim is that he did not have counsel when he was adjudicated delinquent, his claim fails. It was Woodard's burden to establish by a preponderance of the evidence that his juvenile adjudication was constitutionally invalid. <u>Id.</u> Iowa law affords a juvenile in a juvenile proceeding all the rights guaranteed under the constitution, including the right to counsel. <u>In re Johnson</u>, 257 N.W.2d 47, 49-50 (Iowa 1977). Woodard does not allege that his juvenile proceeding was actually uncounseled, and his allegation that it may have been uncounseled because documentation is lacking is insufficient to satisfy his burden of proof.

III.

The judgment is affirmed.

_____

-7-