# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-1690

_____

United States of America

*Plaintiff - Appellee*

v.

William Gauld

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Arkansas - Texarkana

_____

Submitted: February 29, 2016
Filed: August 18, 2016
[Published]

_____

Before SMITH, BENTON, and KELLY, Circuit Judges.

_____

PER CURIAM.

William Gauld pleaded guilty to receiving child pornography, a violation of 18 U.S.C. § 2252(a)(2). In the plea agreement, Gauld admitted that he was previously adjudicated guilty as a juvenile of a sexual offense involving a minor. The district

court[1] held that Gauld's juvenile adjudication qualifies as a "prior conviction" under 18 U.S.C. § 2252(b)(1) and sentenced him in accordance with the statutory range. The district court also imposed ten years of supervised release and banned Gauld from using or possessing a computer as a special condition of supervised release. Gauld appeals (1) the district court's treatment of his juvenile adjudication as a prior conviction and (2) the computer ban. We affirm.

I. *Background*

Gauld created a profile on a photo-sharing website under the screen name "lovesboys81." He posted sexually explicit pictures of young boys and made lewd comments on the pictures that he posted. Gauld also admitted to downloading child pornography. A search of Gauld's laptop and cell phone uncovered 921 images and 66 videos depicting child pornography. He told law enforcement that he last had sexual contact with a minor in 1997 and that he used child pornography as a means to control his impulses.

A federal grand jury charged Gauld in a five-count indictment. He pleaded guilty to one count of receiving child pornography, and, as part of the plea agreement, the remaining counts were dismissed at sentencing. As a juvenile, Gauld had been adjudicated "delinquent" of a sexual offense involving a seven-year-old. Gauld's presentence investigation report (PSR) calculated his total offense level as 34 and his criminal history category as I. The resulting Guidelines range would have been 151 to 188 months' imprisonment. But the PSR noted that his prior juvenile adjudication brought him under 18 U.S.C. § 2252(b)(1)'s statutory range. Because the mandatory minimum sentence under § 2252(b)(1) is 15 years, the PSR calculated Gauld's Guidelines range as 180 to 188 months' imprisonment.

---

[1]The Honorable Susan O. Hickey, United States District Judge for the Western District of Arkansas.

Gauld objected to the PSR's determination that his juvenile adjudication qualifies as a prior conviction under § 2252(b)(1). The district court held that it was bound by our decision in *United States v. Woodard*, 694 F.3d 950 (8th Cir. 2012). Accordingly, it sentenced Gauld to 180 months' imprisonment, the minimum under § 2252(b)(1). The district court also imposed ten years of supervised release with several special conditions. Gauld did not raise any objections to the special conditions at sentencing. Now, Gauld objects to the following special condition: "The defendant shall not possess or use a computer, nor any other means of internet access."

## II. *Discussion*

Gauld argues that the district court erred by (1) holding that his juvenile adjudication qualifies as a prior conviction under 18 U.S.C. § 2252(b)(1), and (2) imposing the computer ban. We review the district court's interpretation of 18 U.S.C. § 2252(b)(1) de novo. *See United States v. Smith*, 656 F.3d 821, 826 (8th Cir. 2011). Where, as here, a defendant fails to timely object to a special condition, we review the imposition of the special condition for plain error. *See United States v. Ristine*, 335 F.3d 692, 694 (8th Cir. 2003).

## A. *18 U.S.C. § 2252(b)(1)*

Gauld argues that our decision in *Woodard* is not controlling precedent for his case. After initially opposing this argument, the government now agrees with Gauld's position and joins him in asking us to remand the case to the district court. Gauld reads *Woodard* narrowly as addressing only whether a juvenile adjudication may constitute a prior conviction for *Apprendi* purposes, an issue we analyzed at length in *United States v. Smalley*, 294 F.3d 1030, 1033 (8th Cir.2002). In the alternative, Gauld argues that *Woodard* was wrongly decided and wishes to preserve the issue for further appeal.

Gauld reads *Woodard* too narrowly. *Woodard* expressly addressed "whether a juvenile adjudication can be considered a prior conviction under 18 U.S.C.

§ 2252(b)." 694 F.3d at 952. *Woodard*'s discussion of *Apprendi* did not limit its holding to *Apprendi* issues. *See id.* at 952–53. The court discussed *Apprendi* for good reason, and it is that reason that ultimately defeats Gauld's argument. Before determining whether a juvenile adjudication qualified as a prior conviction under § 2252(b), the court needed to address whether a juvenile adjudication met the constitutional requirements, as discussed in *Apprendi*, for use as a "prior conviction" for sentencing purposes. *See id.* at 953. Congress's characterization of a juvenile adjudication as a prior conviction is not dispositive because the characterization implicates a defendant's due process rights. *Id.* The *Apprendi* discussion in *Woodard* dealt with whether juvenile adjudications *could* constitutionally qualify as prior convictions. The logical next question is *do* juvenile adjudications qualify as prior convictions under § 2252(b). To resolve the defendant's appeal in *Woodard*, the court necessarily had to answer the latter question. It did, answering "that a juvenile adjudication may be considered a prior conviction under 18 U.S.C. § 2252(b)." *Id.* (footnote omitted).

The dissent joins Gauld and the government in their interpretation of *Woodard*. According to the dissent, Gauld's narrow reading of *Woodard* is "the most plausible reading." But to read *Woodard* so requires assuming that the *Woodard* court ignored and left unaddressed the defendant's main argument. The defendant's brief in *Woodard* makes the same statutory construction argument on which Gauld, the government, and the dissent all rely. When the *Woodard* holding is read in light of the defendant's argument, the dissent's reading of "[a]pplying the same analysis" as referring only to an *Apprendi* analysis is not plausible.

In *Woodard*, the defendant first argued that

> the district court should not have relied upon this Court's determination in *United States v. Smalley*, 294 F.3d 1030 (8th Cir. 2002) to determine that prior juvenile adjudications are sufficient for purposes of 18 U.S.C.

§ 2252(b)(2). *Smalley* involved interpretation of the Armed Career Criminal Act wherein Congress specifically provided for the inclusion of prior juvenile adjudications in determing [sic] the applicability of that Act. There is no such statutory support in 18 U.S.C. § 2252(b)(2).

The defendant went on to argue that "Congress expressly includes juvenile adjudication in other statutory schemes where Congress determines such previous conduct should [qualify as a prior conviction]." Then, just as the dissent does, he cited the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(C), and the Federal Sex Offender Registration and Notification Act (SORNA), 42 U.S.C. § 16911(8), as statutes that have expressly included juvenile adjudications within the definition of a prior conviction. Because § 2252(b) contains "no analogous definition," he concluded that Congress did not intend for a juvenile adjudication to qualify as a prior conviction under § 2252(b).

The defendant in *Woodard* contested the district court's reliance on *Smalley* because *Smalley* involved the ACCA—a statute that expressly included juvenile adjudications within the definition of prior conviction. The *Woodard* court was not persuaded that the absence of an express inclusion of juvenile adjudication in § 2252(b)'s definition warranted the defendant's conclusion. It pointed out that our court has applied *Smalley*'s holding—not analysis—to "the statutes criminalizing drug offenses and establishing the penalties for violation thereof, [which] do not characterize juvenile adjudications as prior convictions." *Woodard*, 694 F.3d at 953 (citing *United States v. Dieken*, 432 F.3d 906, 908–09 n.2 (8th Cir. 2006)). By "[a]pplying the same analysis here," the *Woodard* court followed *Dieken* in treating "prior conviction" similarly under the ACCA, SORNA, and § 2252(b). *Id.* Our reading is buttressed by footnote two in *Woodard*. The court noted that its "holding is consistent with the Eleventh Circuit's unpublished opinion in *United States v. Loomis*, 230 [F. App'x.] 938, 939 (11th Cir. 2007) (per curiam), in which the Eleventh Circuit found no plain error in the district court's determination that the defendant's

youthful offender adjudication was a prior conviction under 18 U.S.C. § 2252(b)." *Id.* at 953 n.2.

*Woodard*'s holding binds this panel.[2] *See United States v. Reynolds*, 116 F.3d 328, 329 (8th Cir. 1997) ("One panel may not overrule another."). The district court did not err by holding that Gauld's juvenile adjudication qualifies as a prior conviction under § 2252(b)(1).

## B. *Special Condition*

Gauld concedes that he did not timely object to the special condition banning his computer use and agrees that our review is for plain error. Gauld also acknowledges that some limitation on his computer and internet use is appropriate under 18 U.S.C. § 3583(d). He admits that the special condition is reasonably related to the five factors referenced in § 3583(d)(1). He contends, however, that the condition as stated creates a total ban, which amounts to a greater deprivation of liberty than necessary.

---

[2]Although we conclude that we are bound by *Woodard*, we do not think the Woodard court had no reasons for its holding. The dissent places great weight on § 2252(b)'s lack of an express inclusion of juvenile adjudications. It believes that "[w]hen a statute refers to "convictions" without qualification or redefinition, then, we should presume that the term does not encompass juvenile adjudications." (Citing *United States v. Huggins*, 467 F.3d 359, 361 (3d Cir. 2006).) But that presumption might be assuming too much. After all, if Congress intended such a limitation, it could have modified "prior conviction" with a term such as "adult," as the Sentencing Commission has done. *See, e.g.*, U.S.S.G. 2K2.1 cmt. n.1; U.S.S.G. 4B1.2 cmt. n.1. Moreover, the Eleventh Circuit has held that a prior juvenile adjudication constituted a "prior conviction" under 21 U.S.C. § 841(b)—a statute, like § 2252(b), that does not expressly include juvenile adjudications alongside of prior convictions. *See United States v. Acosta*, 287 F.3d 1034, 1037 (11th Cir. 2002) (noting that "the purpose of section 841(b)(1)(B), 'to punish and deter recidivism,' would be frustrated if recidivist offenders were excused from enhanced sentencing merely because their prior offenses are not deemed 'convictions' under state law" (citation omitted)).

A sentencing court has wide discretion in imposing a special condition of supervised release, provided that such condition

> (1) is reasonably related to the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), and (a)(2)(D);
>
> (2) involves no greater deprivation of liberty than is reasonably necessary for the purposes set forth in section 3553(a)(2)(B), (a)(2)(C), and (a)(2)(D); and
>
> (3) is consistent with any pertinent policy statements issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a) . . . .

18 U.S.C. § 3583(d). Plain error results "if the district court deviates from a legal rule, the error is clear under current law, and the error affects substantial rights." *United States v. Alvarez*, 478 F.3d 864, 866 (8th Cir. 2007) (quotation and citation omitted). "This final prong of plain-error review is formidable and requires a showing of more than simple prejudice." *United States v. Poitra*, 648 F.3d 884, 889 (8th Cir. 2011) (citations omitted).

Gauld argues that the special condition operates as a complete ban on Gauld's computer and internet use. Gauld reads the condition too broadly. The condition as worded may not be a model of clarity, but it need not be construed as a total ban on all computer use whatsoever. Complete bans on computer and internet use significantly constrict liberty in an era where computers are ubiquitous and present even in automobiles and appliances. We prefer a reading of the condition that comports with its lawful and reasonable enforcement. As such, the condition bans only the use of a computer or other electronic device for obtaining internet access. The purpose for the condition is to prevent Gauld from using the internet to acquire or distribute child pornography or in any way pose a threat to minors through online

solicitation. On plain error review, we decline to read the condition so broadly as to prevent Gauld from using a non-internet-connected computing device.

Here, we cannot say that the district court plainly erred in imposing the special condition. Possession of child pornography alone is insufficient to support broad bans on computer and internet usage. *See, e.g.*, *United States v. Wiedower*, 634 F.3d 490, 494–96 (8th Cir. 2011) (vacating district court's broad internet restriction where defendant only received and possessed child pornography); *United States v. Crume*, 422 F.3d 728, 733 (8th Cir. 2005) (vacating broad ban on internet usage because "the record [was] devoid of evidence that [the defendant] ha[d] ever used his computer for anything beyond simply possessing child pornography"); *United States v. Fields*, 324 F.3d 1025, 1027 (8th Cir. 2003) (noting that "[a]ppellate courts have overturned conditions seen as overly restrictive, especially in cases involving simple possession of child pornography" (citation omitted)). Gauld admits that he did more than merely possess or receive child pornography. He posted child pornography online for others to view, posted repulsive sexual comments regarding minors, and admitted to viewing child pornography frequently to control his impulses. The district court could rightly conclude that Gauld would have a continuing strong desire to find and obtain child pornography. *See Alvarez*, 478 F.3d at 867 (explaining that even though sentencing courts are restricted from imposing broad internet bans for mere possession of child pornography, "there is no violation of that restriction where . . . the defendant's statements and actions may be interpreted to suggest that online material provides him encouraging, actionable ideas"). Given the circumstances of Gauld's crime, it was not plain error for the district court to prohibit Gauld's internet access by banning his use of internet-connected computing devices.

## III. *Conclusion*

Accordingly, we affirm the judgment of the district court.

KELLY, Circuit Judge, concurring in part and dissenting in part.

Both the United States and Gauld agree that juvenile adjudications do not constitute "prior convictions" under 18 U.S.C. § 2252(b)(1), and that as a result Gauld faced a mandatory minimum sentence of only 5 years, not 15 years.[3] In my view, the parties are correct as a matter of statutory interpretation, and I do not think our circuit precedent precludes us from reaching this conclusion.

As an initial matter, the Federal Juvenile Delinquency Act defines "juvenile delinquency" to mean a violation of federal law by a minor that "would have been a crime if committed by an adult." 18 U.S.C. § 5031. Accordingly, a juvenile, unless tried and convicted as an adult, is not "convicted" of a crime but rather "adjudged delinquent." 18 U.S.C. § 5032; see United States v. LWO, 160 F.3d 1179, 1182 n.4 (8th Cir. 1998).

Congress is free to define the term "conviction" in the context of any given statute to encompass juvenile adjudications, and has on occasion done so. See, e.g., Sex Offender Registration and Notification Act (SORNA), 42 U.S.C. § 16911(8) ("The term 'convicted' or a variant thereof, used with respect to a sex offense, includes adjudicated delinquent as a juvenile for that offense, but only if the offender is 14 years of age or older at the time of the offense and the offense adjudicated was comparable to or more severe than aggravated sexual abuse . . . ."); Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(C) ("As used in this subsection . . . the term 'conviction' includes a finding that a person has committed an act of juvenile delinquency involving a violent felony."); 18 U.S.C. § 521(a) ("'Conviction' includes a finding, under State or Federal law, that a person has committed an act of juvenile

---

[3]The government withdrew its prior brief urging affirmance and arrived at its current position "after careful deliberations involving multiple components of the Department of Justice, in connection with litigation in other districts."

delinquency involving a violent or controlled substances felony."). But the fact that Congress felt the need to redefine the terms "convicted" or "conviction" in these statutes simply underscores that "Congress . . . specifically indicates when it intends for juvenile adjudications to be considered convictions, while imposing age and severity limitations on what sorts of adjudications may be considered." United States v. Nielsen, 694 F.3d 1032, 1038 (9th Cir. 2012).

When a statute refers to "convictions" without qualification or redefinition, then, we should presume that the term does not encompass juvenile adjudications. See United States v. Huggins, 467 F.3d 359, 361 (3d Cir. 2006) ("The Armed Career Criminal Act ('ACCA') . . . explicitly provides that 'the term "conviction" includes a finding that a person has committed an act of juvenile delinquency involving a violent felony.' Unlike the ACCA, [21 U.S.C.] § 841(b)(1)(B) contains no such definition, and we see no reason to write one into that provision where Congress has not seen fit to do so." (citation omitted)). In this case, this presumption is strengthened by the principle of statutory interpretation that "[w]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." Russello v. United States, 464 U.S. 16, 23 (1983) (citation omitted). Congress has on multiple occasions passed statutes amending § 2252 without expanding the term "prior conviction" to include juvenile adjudications, even as it simultaneously amended other sections of the United States Code to include such adjudications.

Perhaps the clearest instance is the Adam Walsh Child Protection and Safety Act of 2006, Pub. L. No. 109-248, 120 Stat. 587, given the fact that it was concerned in part with preventing sexual offenses of children. Part of the act amended SORNA to add the above-quoted language defining "convicted" to include being adjudicated delinquent. See Adam Walsh Act § 111, 120 Stat. at 593. The act also amended 18 U.S.C. § 2252 – but did not expand its definition of "prior conviction" to include

prior juvenile adjudications.  See id. §§ 205–06, 120 Stat. at 613.  This example can be multiplied.[4]

The district court thought it was required to count Gauld's juvenile adjudication as a prior conviction by reason of our decision in United States v. Woodard, 694 F.3d 950 (8th Cir. 2012).  But the most plausible reading of Woodard – the one advocated by both the government and Gauld – is that it decided only that the Sixth Amendment to the Constitution permits using prior juvenile adjudications to enhance a defendant's statutory sentencing range, even if the fact of the adjudication was not proved to a jury beyond a reasonable doubt.  See Apprendi v. New Jersey, 530 U.S. 466, 490 (2000) (holding that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt").  The issue here, by contrast, is not whether the Constitution allows juvenile adjudications to increase a statutory minimum without a jury finding, but whether Congress provided for such an increase in § 2252(b)(1).

It is true that Woodard held "that a juvenile adjudication may be considered a prior conviction under 18 U.S.C. § 2252(b)."  Woodard, 694 F.3d at 953.  But the full paragraph in which that clause appears runs as follows:

---

[4]For example, the government points to the Anti–Drug Abuse Act of 1988, Pub. L. No. 100-690, § 6451, 102 Stat. 4181, 4371, the Violent Crime Control and Law Enforcement Act of 1994, Pub. L. No. 103-322, § 150001, 108 Stat. 1796, 2033–34, and the Omnibus Consolidated Appropriations Act, 1997, Pub. L. No. 104-208, § 383, 110 Stat. 3009, 3009-652, all of which added language dealing with juvenile adjudications elsewhere in the United States Code.  All three statutes also amended § 2252 without expanding the definition of "prior convictions."  See Anti-Drug Abuse Act of 1988 § 7511(b), 102 Stat. at 4485; Violent Crime Control and Law Enforcement Act of 1994, § 160001(d), 108 Stat. at 2037; Omnibus Consolidated Appropriations Act, 1997, § 121, 110 Stat. at 3009-30.

> Although it is true that the statute at issue in [United States v. Smalley, 294 F.3d 1030 (8th Cir. 2002)] is different from the statute at issue here, we have applied Smalley's holding in a drug offense case. See [United States v.] Dieken, 432 F.3d [906,] 908–09 n. 2 [(8th Cir. 2006)]. Like the statute at issue here, the statutes criminalizing drug offenses and establishing the penalties for violation thereof do not characterize juvenile adjudications as prior convictions. Applying the same analysis here, we hold that a juvenile adjudication may be considered a prior conviction under 18 U.S.C. § 2252(b).

Id. In other words, Woodard stated that it reached its conclusion by "[a]pplying the same analysis" as this court's opinion in Dieken – but Dieken concerned only the Sixth Amendment constitutional question, not any statutory construction arguments. See Dieken, 432 F.3d at 908 n.2 (relying on Smalley, 294 F.3d at 1033, for the proposition that "juvenile adjudications can rightly be characterized as 'prior convictions' for Apprendi purposes"). The concluding sentence thus likely means that a juvenile adjudication "may be considered a prior conviction" consistent with the Sixth Amendment.

Moreover, Woodard provided no reasons why the term "prior convictions" in § 2252(b)(1) would include juvenile adjudications, further suggesting that it did not decide that issue. And even if it did purport to decide the statutory interpretation issue, I am inclined to think it is not binding on us, because it did not address the implications of the statutes cited above. See United States v. Ellis, 815 F.3d 419, 422 (8th Cir. 2016) (holding that an opinion is precedential for what it decided by its terms rather than what it necessarily must have concluded); United States v. Bauer, 626 F.3d 406, 409 (8th Cir. 2010) (holding that because a precedent did not analyze an issue it was "depriv[ed] of any persuasive, as well as precedential, value on that issue"); Passmore v. Astrue, 533 F.3d 658, 660 (8th Cir. 2008) ("[W]hen an issue is not squarely addressed in prior case law, we are not bound by precedent through *stare decisis*." (citation omitted)). So there is good reason to think that this panel could reach the right result here without convening the en banc court.

I would therefore vacate Gauld's conviction and remand for resentencing. I concur in the court's denial of Gauld's challenge to one of his special conditions of supervised release.

_____