PER CURIAM.
William Gauld pleaded guilty to receiving child pornography, a violation of 18 U.S.C. § 2252(a)(2). In the plea agreement, Gauld admitted that he was previously adjudicated guilty as a juvenile of a sexual offense involving a minor. The district court[1] held that Gauld’s juvenile adjudication qualifies as a “prior conviction” under 18 U.S.C. § 2252(b)(1) and sentenced him in accordance with the statutory range. The district court also imposed ten years of supervised release and banned Gauld from using or possessing a computer as a special condition of supervised release. Gauld appeals (1) the district court’s treatment of his juvenile adjudication as a prior conviction and (2) the computer ban. We affirm.
I. Background
Gauld created a profile on a photo-sharing website under the screen name “lo-vesboys81.” He posted sexually explicit pictures of young boys and made lewd comments on the pictures that he posted. Gauld also admitted to downloading child pornography. A search of Gauld’s laptop and cell phone uncovered 921 images and 66 videos depicting child pornography. He told law enforcement that he last had sexual contact with a minor in 1997 and that he used child pornography as a means to control his impulses.
A federal grand jury charged Gauld in a five-count indictment. He pleaded guilty to one count of receiving child pornography, and, as part of the plea agreement, the remaining counts were dismissed at sentencing. As a juvenile, Gauld had been adjudicated “delinquent” of a sexual offense involving a seven-year-old. Gauld’s presentence investigation report (PSR) calculated his total offense level as 34 and his criminal history category as I. The resulting Guidelines range would have been 151 to 188 months’ imprisonment. But the PSR noted that his prior juvenile adjudication brought him under 18 U.S.C. § 2252(b)(l)’s statutory range. Because the mandatory minimum sentence under § 2252(b)(1) is 15 years, the PSR calculated Gauld’s Guidelines range as 180 to 188 months’ imprisonment.
Gauld objected to the PSR’s determination that his juvenile adjudication qualifies as a prior conviction under § 2252(b)(1). The district court held that it was bound by our decision in United States v. Woodard, 694 F.3d 950 (8th Cir. 2012). Accordingly, it sentenced Gauld to 180 months’ imprisonment, the minimum under § 2252(b)(1). The district court also imposed ten years of supervised release with several special conditions. Gauld did not raise any objections to the special conditions at sentencing. Now, Gauld objects to the following special condition: “The defendant shall not possess or use a computer, nor any other means of internet access.”
II. Discussion
Gauld argues that the district court erred by (1) holding that his juvenile *943 adjudication qualifies as a prior conviction under 18 U.S.C. § 2252(b)(1), and (2) imposing the computer ban. We review the district court’s interpretation of 18 U.S.C. § 2252(b)(1) de novo. See United States v. Smith, 656 F.3d 821, 826 (8th Cir. 2011). Where, as here, a defendant fails to timely object to a special condition, we review the imposition of the special condition for plain error. See United States v. Ristine, 335 F.3d 692, 694 (8th Cir. 2003).
A. 18 U.S.C. § 2252(b)(1)
Gauld argues that our decision in Woodard is not controlling precedent for his case. After initially opposing this argument, the government now agrees with Gauld’s position and joins him in asking us to remand the case to the district court. Gauld reads Woodard narrowly as addressing only whether a juvenile adjudication may constitute a prior conviction for Apprendi purposes, an issue we analyzed at length in United States v. Smalley, 294 F.3d 1030, 1033 (8th Cir.2002). In the alternative, Gauld argues that Woodard was wrongly decided and wishes to preserve the issue for further appeal.
Gauld reads Woodard too narrowly. Woodard expressly addressed “whether a juvenile adjudication can be considered a prior conviction under 18 U.S.C. § 2252(b).” 694 F.3d at 952. Woodard’s discussion of Apprendi did not limit its holding to Apprendi issues. See. id. at 952-53. The court discussed Apprendi for good reason, and it is that reason that ultimately defeats Gauld’s argument. Before determining whether a juvenile adjudication qualified as a prior conviction under § 2252(b), the court needed to address whether a juvenile adjudication met the constitutional requirements, as discussed in Apprendi, for use as a “prior conviction” for sentencing purposes. See id. at 953. Congress’s characterization of a juvenile adjudication as a prior conviction is not dispositive because the characterization implicates a defendant’s due process rights. Id. The. Apprendi discussion in Woodard dealt with whether juvenile adjudications could constitutionally qualify as prior convictions. The logical next question is do juvenile adjudications qualify as prior convictions under § 2252(b). To resolve the defendant’s appeal in Woodard, the court necessarily had to answer the latter question. It did, answering “that a juvenile adjudication may be considered a prior conviction under 18 U.S.C. § 2252(b).” Id. (footnote omitted).
The dissent joins Gauld and the government in their interpretation of Woodard. According to the dissent, Gauld’s narrow reading of Woodard is “the most plausible reading.” But to read Woodard so requires assuming that the Woodard court ignored and left unaddressed the defendant’s main argument. The defendant’s brief in Woodard makes the same statutory construction argument on which Gauld, the government, and the dissent all rely. When the Woodard holding is read in light of the defendant’s argument, the dissent’s reading of “[ajpplying the same analysis” as referring only to an Apprendi analysis is not plausible.
In Woodard, the defendant first argued that
the district court should not have relied upon this Court’s determination in United States v. Smalley, 294 F.3d 1030 (8th Cir. 2002) to determine that prior juvenile adjudications are sufficient for purposes of 18 U.S.C. § 2252(b)(2). Smalley involved interpretation of the Armed Career Criminal Act wherein Congress specifically provided for the inclusion of prior juvenile adjudications in determing [sic] the applicability of that Act. There is no such statutory support in 18 U.S.C. § 2252(b)(2).
The defendant went on to argue that “Congress expressly includes juvenile adjudica *944 tion in other statutory schemes wheré Congress determines such previous conduct should [qualify as a prior conviction].” Then, just as the dissent does, he cited the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(C), and the Federal Sex Offender Registration and Notification Act (SORNA), 42 U.S.C. § 16911(8), as statutes that have expressly included juvenile adjudications within the definition of a prior conviction. Because § 2252(b) contains “no analogous definition,” he concluded that Congress did not intend for a juvenile adjudication to qualify as a prior conviction under § 2252(b).
The defendant in Woodard contested the district court’s reliance on Smalley because Smalley involved the ACCA — a statute that expressly included juvenile adjudications within the definition of prior conviction. The Woodard court was not persuaded that the absence of an express inclusion of juvenile adjudication in § 2252(b)’s definition warranted the defendant’s conclusion. It pointed out that our court has applied Smalley’s holding — not analysis — to “the statutes criminalizing drug offenses and establishing the penalties for violation thereof, [which] do not characterize juvenile adjudications as pri- or convictions.” Woodard, 694 F.3d at 953 (citing United States v. Dieken, 432 F.3d 906, 908-09 n.2 (8th Cir. 2006)). By “[applying the same analysis here,” the Woodard court followed Dieken in treating “pri- or conviction” similarly under the ACCA, SORNA, and § 2252(b). Id. Our reading is buttressed by footnote two in Woodard. The court noted that its “holding is consistent with the Eleventh Circuit’s unpublished opinion in United States v. Loomis, 230 [Fed.Appx.] 938, 939 (11th Cir. 2007) (per curiam), in which the Eleventh Circuit found no plain error in the district court’s determination that the defendant’s youthful offender adjudication was a prior conviction under 18 U.S.C. § 2252(b).” Id. at 953 n.2.
Woodard’s holding binds this panel.[2] See United States v. Reynolds, 116 F.3d 328, 329 (8th Cir. 1997) (“One panel may not overrule another.”). The district court did not err by holding that Gauld’s juvenile adjudication qualifies as a prior conviction under § 2252(b)(1).
B. Special Condition
Gauld concedes that he did not timely object to the special condition banning his computer use and agrees that our review is for plain error. Gauld also acknowledges that some limitation on his computer and internet use is appropriate under 18 U.S.C. § 3583(d). He admits that the special condition is reasonably related to the five factors referenced in § 3583(d)(1). He contends, however, that *945 the condition as stated creates a total ban, which amounts to a greater deprivation of liberty than necessary.
 A sentencing court has wide discretion in imposing a special condition of supervised release, provided that such condition
(1) is reasonably related to the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), and (a)(2)(D);
(2) involves no greater deprivation of liberty than is reasonably necessary for the purposes set forth in section 3553(a)(2)(B), (a)(2)(C), and (a)(2)(D); and
(3) is consistent with any pertinent policy statements issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a)....
18 U.S.C. § 3583(d). Plain error results “if the district court deviates from a legal rule, the error is clear under current law, and the error affects substantial rights.” United States v. Alvarez, 478 F.3d 864, 866 (8th Cir. 2007) (quotation and citation omitted). “This final prong of plain-error review is formidable and requires a showing of more than simple prejudice.” United States v. Poitra, 648 F.3d 884, 889 (8th Cir. 2011) (citations omitted).
Gauld argues that the special condition operates as a complete ban on Gauld’s computer and internet use. Gauld reads the condition too broadly. The condition as worded may not be a model of clarity, but it need not be construed as a total ban on all computer use whatsoever. Complete bans on computer and internet use significantly constrict liberty in an era where computers are ubiquitous and present even in automobiles and appliances. We prefer a reading of the condition that comports with its lawful and reasonable enforcement. As such, the condition bans only the use of a computer or other electronic device for obtaining internet access. The purpose for the condition is to prevent Gauld from using the internet to acquire or distribute child pornography or in any way pose a threat to minors through online solicitation. On plain error review, we decline to read the condition so broadly as to prevent Gauld from using a non-internet-connected computing device.
Here, we cannot say that the district court plainly erred in imposing the special condition. Possession of child pornography alone is insufficient to support broad bans on computer and internet usage. See, e.g., United States v. Wiedower, 634 F.3d 490, 494-96 (8th Cir. 2011) (vacating district court’s broad internet restriction where defendant only received and possessed child pornography); United States v. Crume, 422 F.3d 728, 733 (8th Cir. 2005) (vacating broad ban on internet usage because “the record [was] devoid of evidence that [the defendant] ha[d] ever used his computer for anything beyond simply possessing child pornography”); United States v. Fields, 324 F.3d 1025, 1027 (8th Cir. 2003) (noting that “[appellate courts have overturned conditions seen as overly restrictive, especially in cases involving simple possession of child pornography” (citation omitted)). Gauld admits that he did more than merely possess or receive child pornography. He posted child pornography online for others to view, posted repulsive sexual comments regarding minors, and admitted to viewing child pornography frequently to control his impulses. The district court could rightly conclude that Gauld would have a continuing strong desire to find and obtain child pornography. See Alvarez, 478 F.3d at 867 (explaining that even though sentencing courts are restricted from imposing broad internet bans for mere possession of child pornography, “there is no violation of that restriction where ... the defendant’s statements and actions may be interpreted to suggest that online material provides *946 him encouraging, actionable ideas”). Given the circumstances of Gauld’s crime, it was not plain error for the district court to prohibit Gauld’s internet access by banning his use of internet-connected computing devices.
III. Conclusion
Accordingly, we affirm the judgment of the district court.

. The Honorable Susan 0. Hickey, United States District Judge for the Western District of Arkansas.

. Although we conclude that we are bound by Woodard, we do not think the Woodard court had no reasons for its holding. The dissent places great weight on § 2252(b)'s lack of an express inclusion of juvenile adjudications. It believes that "[w]hen a statute refers to 'convictions' without qualification or redefinition, then, we should presume that the term does not encompass juvenile adjudications.” (Citing United States v. Huggins, 467 F.3d 359, 361 (3d Cir. 2006).) But that presumption might be assuming too much. After all, if Congress intended such a limitation, it could have modified "prior conviction” with a term such as "adult,” as the Sentencing Commission has done. See, e.g., U.S.S.G. 2K2.1 cmt. n.l; U.S.S.G. 4B1.2 cmt. n.l. Moreover, the Eleventh Circuit has held that a prior juvenile adjudication constituted a "prior conviction” under 21 U.S.C. § 841(b) — a statute, like § 2252(b), that does not expressly include juvenile adjudications alongside of prior convictions. See United States v. Acosta, 287 F.3d 1034, 1037 (11th Cir. 2002) (noting that "the purpose of section 841(b)(1)(B), 'to punish and deter recidivism,’ would be frustrated if recidivist offenders were excused from enhanced sentencing merely because their prior offenses are not deemed ‘convictions’ under state law” (citation omitted)).