KELLY, Circuit Judge,
concurring in part and dissenting in part.
Both the United States and Gauld agree that juvenile adjudications do not constitute “prior convictions” under 18 U.S.C. § 2252(b)(1), and that as a result Gauld faced a mandatory minimum sentence of only 5 years, not 15 years.[3] In my view, the parties are correct as a matter of statutory interpretation, and I do not think our circuit precedent precludes us from reaching this conclusion.
As an initial matter, the Federal Juvenile Delinquency Act defines “juvenile delinquency” to mean a violation of federal law by a minor that “would have been a crime if committed by an adult.” 18 U.S.C. § 5031. Accordingly, a juvenile, unless tried and convicted as an adult, is not “convicted” of a crime but rather “adjudged delinquent.” 18 U.S.C. § 5032; see United States v. LWO, 160 F.3d 1179, 1182 n.4 (8th Cir. 1998).
Congress is free to define the term “conviction” in the context of any given statute to encompass juvenile adjudications, and has on occasion done so. See, e.g., Sex Offender Registration and Notification Act (SORNA), 42 U.S.C. § 16911(8) (“The term ‘convicted’ or a variant thereof, used with respect to a sex offense, includes adjudicated delinquent as a juvenile for that offense, but only if the offender is 14 years of age or older at the time of the offense and the offense adjudicated was comparable to or more severe than aggravated sexual abuse.... ”); Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(C) (“As used in this subsection ... the term ‘conviction’ includes a finding that a person has committed an act of juvenile delinquency involving a violent felony.”); 18 U.S.C. § 521(a) (“ ‘Conviction’ includes a finding, under State or Federal law, that a person has committed an act of juvenile delinquency involving a violent or controlled substances felony.”). But the fact that Congress felt the need to redefine the terms “convicted” or “conviction” in these statutes simply underscores that “Congress ... specifically indicates when it intends for juvenile adjudications to be considered convictions, while imposing age and severity limitations on what sorts of adjudications may be considered.” United States v. Nielsen, 694 F.3d 1032, 1038 (9th Cir. 2012).
When a statute refers to “convictions” without qualification or redefinition, then, we should presume that the term does not encompass juvenile adjudications. See United States v. Huggins, 467 F.3d 359, 361 (3d Cir. 2006) (“The Armed Career Criminal Act (‘ACCA’) ... explicitly provides that ‘the term “conviction” includes a finding that a person has committed an act of juvenile delinquency involving a violent felony.’ Unlike the ACCA, [21 U.S.C.] § 841(b)(1)(B) contains no such definition, and we see no reason to write one into that provision where Congress has not seen fit to do so.” (citation omitted)). In this case, this presumption is strengthened by the principle of statutory interpretation that “[wjhere Congress includes particular language in one section of a statute but omits *947 it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion.” Russello v. United States, 464 U.S. 16, 23, 104 S.Ct. 296, 78 L.Ed.2d 17 (1983) (citation omitted). Congress has on multiple occasions passed statutes amending § 2252 without expanding the term “prior conviction” to include juvenile adjudications, even as it simultaneously amended other sections of the United States Code to include such adjudications.
Perhaps the clearest instance is the Adam Walsh Child Protection and Safety Act of 2006, Pub. L. No. 109-248,120 Stat. 587, given the fact that it was concerned in part with preventing sexual offenses of children. Part of the act amended SORNA to add the above-quoted language defining “convicted” to include being adjudicated delinquent. See Adam Walsh Act § 111, 120 Stat. at 593. The act also amended 18 U.S.C. § 2252 — but did not expand its definition of “prior conviction” to include prior juvenile adjudications. See id. §§ 205-06, 120 Stat. at 613. This example can be multiplied.[4]
The district court thought it was required to count Gauld’s juvenile adjudication as a prior conviction by reason of our decision in United States v. Woodard, 694 F.3d 950 (8th Cir. 2012). But the most plausible reading of Woodard — the one advocated by both the government and Gauld — is that it decided only that the Sixth Amendment to the Constitution permits using prior juvenile adjudications to enhance a defendant’s statutory sentencing range, even if the fact of the adjudication was not proved to a jury beyond a reasonable doubt. See Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) (holding that “[ojther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt”). The issue here, by contrast, is not whether the Constitution allows juvenile adjudications to increase a statutory minimum without a jury finding, but whether Congress provided for such an increase in § 2252(b)(1).
It is true that Woodard held “that a juvenile adjudication may be considered a prior conviction under 18 U.S.C. § 2252(b).” Woodard, 694 F.3d at 953. But the full paragraph in which that clause appears runs as follows: *948 Id. In other words, Woodard stated that it reached its conclusion by “[a]pplying the same analysis” as this court’s opinion in Dieken — but Dieken concerned only the Sixth Amendment constitutional question, not any statutory construction arguments. See Dieken, 432 F.3d at 908 n.2 (relying on Smalley, 294 F.3d at 1033, for the proposition that “juvenile adjudications can rightly be characterized as ‘prior convictions’ for Apprendi purposes”). The concluding sentence thus likely means that a juvenile adjudication “may be considered a prior conviction” consistent with the Sixth Amendment.
*947 Although it is true that the statute at issue in [United States v. Smalley, 294 F.3d 1030 (8th Cir. 2002) ] is different from the statute at issue here, we have applied Smalley’s holding in a drug offense case. See [United States v.] Dieken, 432 F.3d [906,] 908-09 n. 2 [ (8th Cir. 2006) ]. Like the statute at issue here, the statutes criminalizing drug offenses and establishing the penalties for violation thereof do not characterize juvenile adjudications as prior convictions. Applying the same analysis here, we hold that a juvenile adjudication may be considered a prior conviction under 18 U.S.C. § 2252(b).
*948 Moreover, Woodard provided no reasons why the term “prior convictions” in § 2252(b)(1) would include juvenile adjudications, further suggesting that it did not decide that issue. And even if it did purport to decide the statutory interpretation issue, I am inclined to think it is not binding on us, because it did not address the implications of the statutes cited above. See United States v. Ellis, 815 F.3d 419, 422 (8th Cir. 2016) (holding that an opinion is precedential for what it decided by its terms rather than what it necessarily must have concluded); United States v. Bauer, 626 F.3d 406, 409 (8th Cir. 2010) (holding that because a precedent did not analyze an issue it was “depriv[ed] of any persuasive, as well as precedential, value on that issue”); Passmore v. Astrue, 533 F.3d 658, 660 (8th Cir. 2008) (“[WJhen an issue is not squarely addressed in prior case law, we are not bound by precedent through stare decisis.” (citation omitted)). So there is good reason to think that this panel could reach the right result here without convening the en banc court.
I would therefore vacate Gauld’s conviction and remand for resentencing. I concur in the court’s denial of Gauld’s challenge to one of his special conditions of supervised release.

. The government withdrew its prior brief urging affirmance and arrived at its current position "after careful deliberations involving multiple components of the Department of Justice, in connection with litigation in other districts.”

. For example, the government points to the Anti-Drug Abuse Act of 1988, Pub. L. No. 100-690, §6451, 102 Stat. 4181, 4371, the Violent Crime Control and Law Enforcement Act of 1994, Pub. L. No. 103-322, § 150001, 108 Stat. 1796, 2033-34, and the Omnibus Consolidated Appropriations Act, 1997, Pub. L. No. 104-208, §383, 110 Stat. 3009, 3009-652, all of which added language dealing with juvenile adjudications elsewhere in the United States Code. All three statutes also amended § 2252 without expanding the definition of "prior convictions.” See Anti-Drug Abuse Act of 1988 § 7511(b), 102 Stat, at 4485; Violent Crime Control and Law Enforcement Act of 1994, § 160001(d), 108 Stat. at 2037; Omnibus Consolidated Appropriations Act, 1997, § 121, 110 Stat. at 3009-30.